IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MARJORIE FRIEDMAN SCHERR, ) | Case No. 08L062013 |
| Plaintiff, ) | |
| ) | COMPLAINT FOR DAMAGES |
| vs. ) | (Premises Liability, Negligence) |
| ) | |
| MARRIOTT INTERNATIONAL, INC., ) | |
| and DOES 1 through 10, inclusive, ) | |
| ) | [JURY DEMAND] |
| Defendants. ) | |

Plaintiff Marjorie Friedman Scherr alleges:

### INTRODUCTION

1. This is an action for personal injuries arising out of an incident that occurred at the Marriott Courtyard hotel in Overland Park, Kansas, on March 19, 2006, when plaintiff – an elderly guest – was knocked to the ground by a hinged internal door in a room that was reserved for disabled individuals.

### PARTIES

2. Plaintiff Marjorie Friedman Scherr, at all times material herein, was a resident of the state of Illinois, in Cook County.

3. Defendant Marriott International, Inc., is a corporation headquartered in Washington, D.C. At all times relevant herein, Marriott owned and operated the Courtyard Kansas City Overland Park hotel in Overland Park, Kansas. At all times relevant herein, Marriott does business in this jurisdiction, and the business it conducts is directly or indirectly related to the events underlying this complaint.

4. On information and belief, plaintiff alleges that DOES TWO through TEN were the operators, employers, agents or individuals somehow responsible for the injuries



caused herein. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does One through Ten inclusive, and therefore, sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believes, and thereupon allege, plaintiffs' injuries as herein alleged were proximately caused by these defendant DOES' acts.

## JURISDICTION AND VENUE

5. This court has jurisdiction of this controversy because defendant conducts business in this jurisdiction. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 & 2-102 because the defendants are authorized to transact business in Illinois and are residents of Cook County as they have offices and do business in Cook County, and because the transaction or some part thereof out of which this cause of action arises occurred in Cook County.

## GENERAL ALLEGATIONS

6. Sometime prior to March 19, 2006, while residing in Cook County, plaintiff made a reservation to stay at the Marriott Courtyard hotel in Overland Park, Kansas, for a family trip to the area. At that time, plaintiff was a 76-year-old woman who suffered from physical disabilities and impairments on her mobility. Although she was not wheelchair bound at the time, plaintiff could move around safely only with the assistance of a walker. When plaintiff made her reservation for the hotel, she specifically inquired about the location of the room and the amenities available, given her physical limitations. In making her reservations, plaintiff was assured that she would be staying at a room that was specially designated for disabled hotel guests.

7. On or about March 19, 2006, at approximately 1:00 a.m., while in the bathroom of her hotel room, plaintiff attempted to exit the bathroom through an internal heavy hinged door. To do so, plaintiff held onto her walker with one hand and with the other opened the bathroom door leading into the interior of her room. As plaintiff rolled her walker and attempted to leave the bathroom, the hinged door swung closed upon plaintiff, slamming her body hard against the floor. In the collision with the door and impact with the floor, plaintiff suffered significant bodily injuries, including a broken wrist, and required immediate emergency medical treatment.

8. As a proximate result of the negligence and unlawfulness of defendants and each of them, herein alleged, plaintiff sustained numerous injuries to her body all of which injuries have caused and continue to cause plaintiff great mental, physical pain and suffering. These injuries included an open and compound fracture to the radius and ulna of the right forearm, which required two separate surgeries and a lifetime risk of devastating and deteriorating health. These injuries will result in permanent disabilities to plaintiffs.

9. As a further and proximate result of the negligence of defendants, and each of them as herein alleged, plaintiff was required to and did employ physicians and other medical providers for medical examination, treatment and care of these injuries and did incur and continue to incur medical and incidental expenses in excess of $20,000.

**INNKEEPER DUTY TO PROTECT AGAINST DANGEROUS CONDITIONS**

10. As innkeepers, defendants owed plaintiff a special duty of care to take reasonable measures and to protect her and other guests from harm and unnecessary

dangerous conditions. This included an obligation to carefully inspect disability-accessible features on the premises, maintain them in good working order, repair aspects that might pose a danger, and warn guests of risks of injury. Defendants breached that duty of care as stated herein.

11. At the time of plaintiff's fall, the heavy door on the bathroom at defendants' hotel were dangerous, unsafe and presented an unnecessary and unacceptable risk to hotel guests, especially those who are disabled and request special amenities in connection with their disabilities. In particular, the heavy hinged door at the time of plaintiff's fall had an automatic door-closing device (either spring or pneumatic) which was set to close the door without delay, well before the elderly and disabled guest was able to clear the threshold. It is expected and foreseeable that elderly and disabled guests would be injured by the heavy hinged door closing automatically upon them, and it was therefore negligence and a breach of duty for the hotel to have such devices and fail to replace them prior to plaintiff's injury.

12. Defendants also failed to warn plaintiff or other guests of the risks of injury by the heavy hinged door. On information and belief, defendants failed to conduct reasonable efforts at inspections, maintenance, repair, and safety checks consistent with their innkeeper obligations.

13. The dangerous condition of the bathroom door and defendants' negligence as set forth herein, were the proximate causes of plaintiff's fall and related injuries, and the types of injuries she sustained as a result are exactly those that are most likely foreseeable from the dangerous condition and negligence of defendants.

14. On information and belief, defendants and/or hotel employees had actual and constructive notice of the dangerous condition prior to plaintiff's injury.

### PRAYER FOR RELIEF

Wherefore plaintiff demands judgment for compensatory damages, in an amount in excess of ~~Fifty~~ One hundred Thousand ($~~50,000~~ 100,000) dollars, jointly and severally from each defendant, plus costs, attorneys fees and for other such relief as the Court may deem just and proper.

Respectfully submitted,

Dated: March 17, 2008    By: _____
Julie Friedman Ehrlich
One of the attorneys for plaintiff

Julie Friedman Ehrlich
Attorney at Law
P.O. Box 1334
Highland Park, Illinois 60035
Telephone: (847) 414-8615
Attorney # 6180634

Jeremy L. Friedman
Attorney at Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087
Attorney # 6199791
Attorneys for Plaintiff
Marjorie Friedman Scherr

5