IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARJORIE FRIEDMAN SCHERR**, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Case No. 08 C 2098 ) |
| **MARRIOTT INTERNATIONAL, INC.**, and **DOES 1 through 10,** inclusive | ) Judge: Matthew F. Kennelly ) ) Magistrate: Michael T. Mason |
| Defendant. | ) |

**ANSWER TO PLAINTIFF'S COMPLAINT**

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and for its Answer to Plaintiff's Complaint at Law, state as follows:

**INTRODUCTION**

1. This is an action for personal injuries arising out of an incident that occurred at the Marriott Courtyard hotel in Overland Park, Kansas, on March 19, 2006, when plaintiff – an elderly guest – was knocked to the ground by a hinged internal door in a room that was reserved for disabled individuals.

**Answer**: Marriott International, Inc. admits that Plaintiff has alleged the facts set forth in paragraph 1 of her Complaint and admits that the involved room was accessible to and for disabled persons, but is without knowledge or information sufficient to form a believe as to the truth of the remaining averments contained in paragraph 1 of Plaintiff's Complaint.

**PARTIES**

2. Plaintiff, Marjorie Friedman Scherr, at all times material herein, was a resident of the state of Illinois, in Cook County.

**Answer**: Marriott International, Inc. admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant, Marriott International, Inc. is a corporation headquartered in Washington, D.C. At all times relevant herein, Marriott owned and operated the Courtyard Kansas City Overland Park hotel in Overland Park, Kansas. At all times relevant herein, Marriott does business in this jurisdiction, and the business it conducts is directly or indirectly related to the events underlying this complaint.

**Answer**: Marriott International, Inc. states that it is a Delaware corporation with its principal place of business in Bethesda, Maryland. Further answering, Marriott International, Inc. admits that it does business in Cook County, Illinois, but denies the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4. On information and belief, plaintiff alleges that Does Two through Ten were operators, employers, agents and individuals somehow responsible for the injuries caused herein. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does One through Ten inclusive, and therefore, sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and thereupon allege, plaintiff's injuries as herein alleged were proximately caused by this defendant's Does' acts.

**Answer**: Marriott International, Inc. admits that an entity other than Marriott International, Inc. operated the subject Marriott Courtyard Hotel in Overland Park, Kansas at the time and place alleged. Further answering, Marriott International, Inc. is without knowledge or information sufficient to

form a belief as to the truth of the remaining averments contained in paragraph 4 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this controversy because defendant conducts business in this jurisdiction. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 & 2-192 because the defendants are authorized to transact business in Illinois and are residents of Cook County as they have offices and do business in Cook County, and because the transaction or some part thereof out of which this cause of action arises occurred in Cook County.

**Answer**: Marriott International, Inc. admits that jurisdiction and venue properly lie in Cook County.

## GENERAL ALLEGATIONS

6. Sometime prior to March 19, 2006, while residing in Cook County, Plaintiff made a reservation to stay at the Marriott Courtyard hotel in Overland Park, Kansas for a family trip to the area. At that time, plaintiff was a 76 year old woman who suffered from physical disabilities and impairments on her mobility. Although she as not wheelchair bound at the time, plaintiff could move around safely only with the assistance of a walker. When plaintiff made her reservation for the hotel, she specifically inquired about the location of the room and the amenities available, given her physical limitations. In making her reservations, plaintiff was assured that she wold be staying at a room that was specifically designated for disabled hotel guests.

**Answer**: Marriott International, Inc. admits that Plaintiff made a reservation to stay at a handicapped accessible room at the subject hotel but is without sufficient knowledge or information sufficient to form a belief as to the

3

truth of the remaining averments contained in paragraph 6 of Plaintiff's Complaint.

7.   On or about March 19, 2006, at approximately 1:00 a.m. while in the bathroom of her hotel room, plaintiff attempted to exit the bathroom through an internal heavy hinged door.  To do so, plaintiff held onto her walker with one hand and with the other opened the bathroom door leading into the interior of her room.  As Plaintiff rolled her walker and attempted to leave the bathroom, the hinged door swung closed upon plaintiff, slamming her body hard against the floor.  In collision with the door and impact with the floor, plaintiff suffered significant bodily injuries, including a broken wrist, and required immediate emergency medical treatment.

**Answer**:   Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 7 of Plaintiff's Complaint.

8.   As a proximate result of the negligence and unlawfulness of defendants and each of them, herein alleged, plaintiff sustained numerous injuries to her body all of which injuries have caused and continue to cause plaintiff great mental, physical pain and suffering.  These injuries included an open and compound fracture to the radius and ulna of the right forearm, which requires two separate surgeries and a lifetime risk of devastating and deteriorating health.  These injuries will result in permanent disabilities to plaintiff.

**Answer**:   Marriott International, Inc. denies that Plaintiff suffered any injuries as a proximate result of Marriott International, Inc.'s negligence or conduct. Further answering, as to the nature and extent of Plaintiff's injuries,

Marriott International, Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

9.     As a further and proximate result of the negligence of defendants, and each of them as herein alleged, plaintiff was required to and did employ physicians and other medical providers for medical examination, treatment and care of these injuries and did incur and continue to incur medical and incidental expenses in excess of $20,000.00.

**Answer**:     Marriott International, Inc. denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

### INKEEPER DUTY TO PROTECT AGAINST DANGEROUS CONDITIONS

10.     As innkeepers, defendants owed plaintiff a special duty of care to take reasonable measures and to protect her and other guests from harm and necessary dangerous conditions.  This included an obligation to carefully inspect disability-accessible features on the premises, maintain them in good working order, repair aspects that might pose a danger, and warn guests of risks of injury.  Defendants breached that duty of care as stated herein.

**Answer**:     Marriott International, Inc. denies that Plaintiff has properly alleged the duty then and there owed by it and denies that it breached any duty then and there owed to Plaintiff.

11.     At the time of plaintiff's fall, the heavy door on the bathroom at defendant's hotel were dangerous, unsafe and presented an unnecessary and unacceptable risk to hotel guests, especially those who are disabled and request special amenities in connection with their disabilities.  In particular, the heavy hinged door at the time of plaintiff's fall had an automatic door-closing device (either spring or pneumatic) which was set to close the door without delay, ,

5

well before the elderly and disabled guest was able to clear the threshold. It is expected and foreseeable that elderly and disabled guests would be injured by the heavy hinged door closing automatically upon them, and it was therefore negligence and a breach of duty for the hotel to have such devices and fail to replace them prior to plaintiff's injury.

**Answer**: Marriott International, Inc. denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendants also failed to warn plaintiff or other guests of the risks of injuries by the heavy hinged door. On information and belief, defendants failed to conduct reasonable efforts at inspections, maintenance, repair, and safety checks consistent with their innkeeper obligations.

**Answer**: Marriott International, Inc. denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. The dangerous condition of the bathroom door and defendant's negligence as set forth herein, were the proximate causes of plaintiff's fall and related injuries, and the types of injuries she sustained as a result are exactly those that are most likely foreseeable from the dangerous condition and negligence of defendants.

**Answer**: Marriott International, Inc. denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. On information and belief, Defendants and/or hotel employees has actual and constructive notice of the dangerous condition prior to Plaintiff's injury.

**Answer**: Marriott International, Inc. denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

**WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.**, denies that Plaintiff, **MARJORIE FRIEDMAN SCHERR,** is entitled to judgment against it in the sum sought or in any sum whatsoever, and further prays that judgment and costs be entered in favor of the Defendant and against the Plaintiff.

## AFFIRMATIVE DEFENSE

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and in the alternative to and in addition to its Answer to Plaintiff's Complaint, states that the Plaintiff, **MARJORIE FRIEDMAN SCHERR**, was careless and negligent in one or more or all of the following respects, which proximately caused the injuries and damages of which she complains:

A.   Carelessly and negligently failed to maintain a proper lookout for her own safety;

B.   Was otherwise careless and negligent.

**WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.**, prays for judgment and costs of suit in the event that Plaintiff is found to be more than fifty (50%) percent at fault for causing her own injuries and damages, or in the alternative, prays for a reduction of any damages awarded to the Plaintiff in proportion to the percentage of the Plaintiff's own contributory fault.

Respectfully submitted,

JOHNSON & BELL, LTD.

By:   /s/Robert M. Burke
      Robert M. Burke, one of the
      Attorneys for Marriott International, Inc.

ROBERT M. BURKE  
JOHNSON & BELL, LTD.  
Attorney for Defendants  
33 West Monroe Street, Suite 2700  
Chicago, Illinois 60603  
Telephone: (312) 372-0770  
Attorney No.: 06347