**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTHERN ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARJORIE FRIEDMAN SCHERR, ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> MARRIOTT INTERNATIONAL, INC.,) <br> and DOES 1 through 10, inclusive ) <br> ) <br> Defendants ) <br> _____ ) | Case No. 08 C 2098 <br><br> **DECLARATION OF PLAINTIFF MARJORIE FRIEDMAN SCHERR IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE** |

I, plaintiff Marjorie Friedman Scherr declare and state:

1. I am plaintiff in this action. I make this declaration in opposition to defendants' motion to transfer venue, based upon my own personal knowledge. If called as a witness to this action, I could and would testify competently to the following.

2. I am 78 years old, and have resided in this District, in the village of Park Forest, for approximately 52 years. Since childhood, I have suffered from a genetic neuro-degenerative disease – Charcot-Marie-Tooth – which has caused progressive physical impairments limiting my mobility. Although I did not need or use a wheelchair prior to the incident which gave rise to this litigation, by March 2006, my medical condition had caused me to walk with the assistance of a walker.

3. I was at my home in Park Forest, Illinois, when I planned my trip to Overland Park, near Kansas City, Kansas for March of 2006. Having stayed at Marriott Courtyard hotels previously in locations around the country, including Overland Park, from my home in Park Forest I telephoned Marriott to make a reservation at its hotel. Because of my physical condition, I specifically requested a room that would accommodate a handicapped or disabled person such as myself. In making my reservation, I received assurances that the room would provide the special accommodations I had requested.

4. It would be extremely inconvenient, if not prohibitively difficult, to pursue this case in Kansas. Since the incident, and as a result of the injuries I sustained, it is very difficult for me to travel. Approximately 80% of the time I am getting around, it is in a

wheelchair. I can no longer drive a car, walk for any significant distances or stand for any great length of time, and I rarely travel by airplane. For me to travel to Kansas to participate in this litigation, I would need my husband to drive me there, which is more than 500 miles away from my home and take approximately 8 hours of driving. Moreover, once there I would need hotel accommodations and daily care-giver services for my particular physical needs. These accommodations and services are already available at my home.

5. There were only two eye-witnesses to the incident giving rise to my injury: myself and my husband, George Scherr. George is 87 years old, and we both live in this District. The two of us were alone in the hotel room in the early morning of March 19, 2006, when the heavy automatic-hinged door to the bathroom slammed against me and knocked me to the floor. My sister – Marian Eisenberg – and her care-giver were at or near the room immediately after the incident. They both live in Dallas Texas. After the incident, I was taken to the hospital by ambulance, and had emergency surgery the following morning. I did not see the surgeon who did the emergency surgery for follow-up care, and have no intention of calling him as a witness in this litigation. I spent approximately one week in the hospital and two more weeks in a rehabilitation center, both in Overland Park, Kansas. During the time I was there, I was visited by my extended family, which includes a sister and at least two cousins who live in Overland Park Kansas, but also included one of my sons and another cousin who live in or near Chicago, in this District.

6. Aside from those three weeks of medical care I received immediately after the incident, the vast majority of medical services I have received in connection with my injuries took place here in my home District after I returned on April 8, 2006. This would include my hospitalization at Loyola University Health Services on April 11, 2006, where I underwent surgery on my wrist again by Dr. Michael Bedner. Thereafter, I had substantial follow-up during the summer months with Dr. Bedner at Loyola for my wrist. In addition, I received care from Dr. William Hopkinson, also at Loyola University Health Services, for injuries I received at the hotel to my hip. Dr. Hopkinson arranged for an MRI and x-rays, all of which were taken at Loyola. In this case, I will rely upon these medical providers to prove my injuries.

7. As a result of my injuries, I have retained the services of a care-giver agency, which provided a full time care-giver for approximately six months following the incident. That agency is in Chicago.  In addition, since the injury I have received home health physical therapy for my wrist and hip from Ingalls Home Care, in Harvey, Illinois; and I received hydro-therapy in Mokena, Illinois.  All of these agencies, therapists and care-givers at the time resided in this District.

8. Many medical care providers have examined and treated me both before and after the incident.  Each of these qualified witnesses would be able to testify directly to the extent of my injuries and their relationship to the hotel incident.  These would include my treating physician, Dr. G. Mingolelli, of Hazelcrest, Illinois; my acupuncturist at Christ Advocates Hospital, in Oak Forest, Illinois; a six-year walk study I have participated in at Northwestern University Hospital, in Chicago; Dr. Michael Smith, a pediatrist at Mercado Foot and Ankle Clinic; Dr. Timothy Field, a physician in Harvey, Illinois; and Dr. Purmendu Gupta, an Orthopedic Surgeon at the University of Chicago Hospitals, in Hyde Park.  In addition, more recently I have seen a neurologist for my Charcot Marie Tooth, Dr. Teepu Siddique, at Northwestern University.  I would expect each of these physicians or clinics would have information relevant to my case and may be called as witnesses.  Each resides in this District, and it would severely inconvenience their practice to travel to testify live in Kansas.

9. In addition to my medical care providers, care-givers, husband and family members, many other individuals have direct knowledge of my physical capabilities before and after the incident.   For example, for approximately 15 years, I have been Commissioner on the Cook County Human Rights Commission.  Since my injury in March 2006, however, my participation on the Commission has been severely limited, and I have been unable to attend any meetings.  Many individuals associated with the Commission reside in this district, including Legal Counsel Marynic Foster, and they would have direct knowledge of the ramifications of the injury on my ability to perform my duties.

10. In addition, I can identify the following friends (and their places of residency) who I would consider calling as witnesses at trial on issues related to the extent of my injuries: Marilyn Tannebaum (Olympia Fields); Otta Stock (Park Forest); Alice Racher (Park Forest); Nancy Plotkin (Chicago); Dr. Wendy Baird (Chicago); Peg Donohue (Park Forest); Bess Grossweiner (Glencoe). Some of these friends are my age or otherwise have physical limitations which would make it extremely difficult to travel to Kansas for trial.

I declare under penalty of perjury that the foregoing is true and correct of my own knowledge. Executed this 14th day of July, 2008, at Park Forest, Illinois.

_____
Marjorie Friedman Scherr

10. In addition, I can identify the following friends (and their places of residency) who I would consider calling as witnesses at trial on issues related to the extent of my injuries: Marilyn Tannebaum (Olympia Fields); Otta Stock (Park Forest); Alice Racher (Park Forest); Nancy Plotkin (Chicago); Dr. Wendy Baird (Chicago); Peg Donohue (Park Forest); Bess Grossweiner (Glencoe). Some of these friends are my age or otherwise have physical limitations which would make it extremely difficult to travel to Kansas for trial.

I declare under penalty of perjury that the foregoing is true and correct of my own knowledge. Executed this 14th day of July, 2008, at Park Forest, Illinois.

*Marjorie Friedman Scherr*
Marjorie Friedman Scherr

Case 1:08-cv-02098   Document 21-2   Filed 07/14/2008   Page 2 of 2