IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARJORIE FRIEDMAN SCHERR**, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Case No. 08 C 2098 ) |
| **MARRIOTT INTERNATIONAL, INC.**, and **DOES 1 through 10,** inclusive | ) Judge: Matthew F. Kennelly ) ) Magistrate: Michael T. Mason |
| Defendants. | ) |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO ITS MOTION TO TRANSFER VENUE

**NOW COMES** the Defendant, **MARRIOTT INTERNATIONAL, INC.**, by and through one of its attorneys, PAUL GAMBOA of JOHNSON & BELL, LTD., and for its Reply to the Plaintiff's Response to Defendant's Motion to Transfer Venue to the United States District Court for the District of Kansas, Kansas City Division, states as follows:

### INTRODUCTION

The instant motion to transfer venue is premised upon the undisputed fact that the District of Kansas is a proper venue in which this suit might have been brought, as well as the Defendants' contentions that: 1) Plaintiff's choice of venue here is afforded less weight as none of the complained-of conduct occurred in the Northern District of Illinois, such that it can be said to lack a significant relationship with the underlying dispute; 2) the situs of the material events at issue herein is Kansas; 3) Kansas is the location of the main sources of proof, including the involved hotel and many witnesses; 4) Kansas is the venue which is more convenient for those non-party witnesses; 5) the comparatively lighter caseload per judgeship in Kansas makes it likely that the case will be tried sooner there than in Illinois; 6) Kansas courts are likely more familiar with the application of Kansas law; and 6) the District of Kansas has a stronger interest in adjudicating an action based upon a tort that arose there.

Defendant Marriott International, Inc. thus requested that this Honorable Court transfer this matter to the U.S. District Court of Kansas.

Plaintiff has filed a response in opposition to this motion concentrating mainly on issues concerning the convenience of the witnesses and parties, arguing that the transfer analysis weighs in favor of Illinois. Her arguments in this respect involve the creation of "material issues" and a lengthy recitation of witnesses without regard to the quality of these witnesses' testimony with respect to the main issues in the case, which are Defendant's negligence and/or liability for Plaintiff's premises liability claim. The Plaintiff's argument gives the briefest of attention to the consideration of the interests of justice, even though that issue alone may be determinative of whether to transfer an action, even where circumstances are such that the convenience of the parties and witnesses might call for a different result. As both the convenience of the witnesses and parties and the interests of justice would be better-served by transferring this matter to the United States District Court for the District of Kansas, Defendant's motion should be granted.

## ARGUMENT:

### TRANSFER OF THIS CAUSE TO KANSAS IS APPROPRIATE AS THE APPLICABLE FACTORS WEIGH HEAVILY IN FAVOR OF TRANSFER

As the propriety of the District of Kansas as a potential venue is not at issue, a transfer in this matter pursuant to 28 U.S.C. § 1404(a) is appropriate if Defendant shows that the transfer will serve the convenience of the witnesses, the convenience of the parties, and the interests of justice. Vandeveld v. Christoph, 877 F.Supp. 1160, 1167 (N.D. Ill. 1995). The Supreme Court has long-recognized the importance of Section 1404(a) transfers in the federal system, emphasizing that the statute was created because the "broad venue provisions in federal Acts often resulted in inconvenient forums." Ferens v. John Deere Co., 494 U.S. 516, 522 (1990).

In this matter the Defendant has demonstrated that the factors affecting convenience weigh in favor of transfer. Defendant has also clearly demonstrated that the interests of justice also weigh in favor of transferring this matter out of the Northern District of Illinois. As Plaintiff takes issue with each of the factors affecting the analysis of convenience as well as the interest of justice, Defendant shall respond more fully to each contention below.

### A. Plaintiff's Choice of Forum

The Plaintiff, in her response in opposition to Defendant's motion, argues that her choice of forum should be deferred to, and that it is entitled to substantial weight. While Defendant concedes that the Northern District of Illinois is the Plaintiff's home district, her choice of venue in this matter should still be afforded little weight since it lacks a significant relationship with the underlying dispute, insofar as neither the conduct at issue nor the alleged injury occurred there. *See, e.g.* Reyes v. Experian Information Solutions, Inc., 2003 U.S. Dist. LEXIS 17678, *3 (N.D. Ill. 2003); *see also* Chicago Rock Island and Pacific R.R. Co. v. Igoe, 220 F.2d 299, 304 (7th Cir. 1955)(Plaintiff's choice of venue has minimal value where none of the conduct complained of occurred in the forum selected by the Plaintiff); Robinson v. Madison, 752 F. Supp. 842, 847 (N.D. Ill. 1990)(If the chosen forum is not exclusively the place where the cause of action arose, the Plaintiff's choice of forum is only given consideration equal to other factors, including the interests of justice).

In analyzing the Plaintiff's "Complaint for Damages (Premises Liability, Negligence)," it is clear that both the allegedly negligent conduct as well as the injury occurred in Kansas. *See* paragraphs 1, 7, and 10 through 14 of Plaintiff's Complaint, a copy of which has been attached to Defendant's initial motion to transfer venue as "Exhibit A." The allegations of that Complaint contains no substantive connection to

3

the Northern District of Illinois, as Plaintiff does not allege that any of the events, acts, or omissions upon which her claim is based occurred in Illinois. As such, Plaintiff's choice of forum is simply not controlling and it is instead treated as just one other factor in determining whether to transfer the case. *See, e.g.* Doe v. Board of Trustees of Univ. of Ill., 2006 U.S. Dist. LEXIS 73817, *4-5 (N.D. Ill. 2006)

### B.   Situs of Material Events/Access to Sources of Proof

In addressing the situs of material events, the Plaintiff goes beyond the allegations of her Complaint to identify five issues that she believes are material to this matter and argues that Illinois looms large as the situs for these events, along with Maryland and Kansas. Plaintiff also asserts that she has continued to receive medical treatment from more than a half-dozen medical institutes within the District and also states that her "life-changing injuries" have manifested while in Illinois. These "damages" witnesses are all claimed to reside in this district. She concludes that in considering the situs of material facts, the balance tips to Illinois or is at best a wash vis-à-vis Illinois and Kansas. Similarly, Plaintiff asserts that she has better, or at least the same, access to sources of proof in Illinois.

With respect to the five "material issues" identified by the Plaintiff, it should be first considered that the Plaintiff's claim sounds in premises liability and alleges that Defendant negligently failed to inspect the disability-accessible features on that premises, failed to maintain them in good working order, failed to repair aspects that might pose a danger, and failed to warn guests of a risk of injury. *See* paragraph 10 of Plaintiff's Complaint, a copy of which has been attached to Defendant's initial motion to transfer venue as "Exhibit A." These issues, which were framed by the Plaintiff, are of primary importance in this matter, and it is indisputable that Kansas is both the situs of these material events as well as an accessible source of proof in this regard.

Assessing the issues identified by the Plaintiff, it is unclear why whether an innkeeper/guest relationship was formed is material, insofar as the Defendant has admitted in its answer that the Plaintiff made a reservation to stay at the Courtyard Kansas City/Overland Park Hotel. *See* paragraph 6 of Answer to Plaintiff's Complaint, a copy of which has been attached to Defendant's initial motion to transfer venue as "Exhibit C." Furthermore, it is unclear as to whether or not Plaintiff contacted the involved Kansas Hotel directly in making that reservation (such that Kansas would again factor into the analysis) and her Declaration is silent in that regard.

With respect to whether the hinged door represented a dangerous condition, it seems clear that this issue would sway in favor of Kansas, as it is where the premises, the involved room, the involved door, and potential witnesses with knowledge of the allegedly dangerous condition are all located. It is unclear why Plaintiff would seek a corporate representative to testify regarding prior injuries caused by hinged doors in handicapped rooms throughout all of Defendant's hotels, or why this information would be relevant to this matter. If Plaintiff were seeking to discover whether or not there were any similar incidents involving the door that allegedly injured the Plaintiff, she could attempt to seek such information from those former Hotel employees that were present directly after her alleged fall (Chrystal Smith and Daniel Schoch), the former Property Manager (Sally Crowther), or the current General Manager (Jeff Miles). As noted in Defendant's initial motion to transfer venue and in counsel's affidavit incorporated into said motion, Ms. Smith and Ms. Crowther are believed to reside in Kansas, while Mr. Schoch is believed to reside in Hawaii. Mr. Miles lives in Kansas City, Missouri.

The fourth and fifth material issues identified by the Plaintiff are non-issues unless the Defendant is adjudged to be found liable to the Plaintiff. The fact that Plaintiff's injuries evidently manifested in Illinois, even though she concedes that she spent more than three weeks receiving medical care in Kansas, does not necessarily create some kind of significant relationship with Illinois such that Defendant's motion should be denied. *See, e.g.* <u>Allied Van Lines, Inc. v. Gulf Shore Moving & Storage Inc.</u>, 2005 U.S. Dist. LEXIS 6244, *11-12 (N.D. Ill. 2005)(The court, in recognizing that a tort takes place at the site where the injury occurs, found that while it was true that any harm that occurred to the Plaintiff took place in Illinois, the allegedly converted funds were generated by Defendant's work in its Florida base of operations. As the events that gave rise to the alleged injury occurred in Florida, it was held to be the forum with the significant relationship with the underlying dispute.)

Plaintiff's recitation of a number of damages witnesses (care from providers at over a half-dozen medical institutions, as well eight other "lay" witnesses/friends) does not counsel against a warranted transfer either. As will be discussed further in the section below, a Court should not limit its investigation to which party can produce the longer witness list – it should look to the nature and quality of the witnesses' testimony with respect to the issues in the case. <u>Vandeveld</u>, 877 F. Supp. at 1168. It should also be noted that, with regards to compensable damages in general, Kansas substantive law would likely be applied in this matter, and is yet another factor weighing in favor of transfer. <u>Coffey v. Van Dorn Iron Works</u>, 796 F.2d, 217, 221(7th Cir. 1986). As the situs of truly material events is Kansas and the location of material sources of proof is Kansas, this matter should be transferred to the District of Kansas.

### C. Convenience of the Witnesses/Parties

As noted above, the determination of whether a particular venue is more convenient for the witnesses does not turn on which party produces a longer witness list. Rather, the court is to look to the nature and quality of the witnesses' testimony with respect to the issues of the case. Vandeveld, 877 F.Supp. at 1168.

In this matter, the Defendant has identified three former employees that it believes has information that is germane to Plaintiff's allegations of negligence, i.e. the condition of the Hotel on the date of the occurrence and the Hotel policies and procedures for inspecting and maintaining the Hotel. Furthermore, these witnesses are believed to have spoken with Plaintiff or her husband directly after the incident and are believed to have knowledge of the Plaintiff's condition after her alleged fall. As has been previously noted, two of those former employee witnesses, Chrystal Smith and Sally Crowther, reside in Kansas, while the other former employee witness, Daniel Schoch, resides in Hawaii.

Plaintiff, who asserts that she will not call any of the several Kansas-area treating physicians without apparently considering that the Defendant will, responds by listing nine separate physicians or institutions that have provided her with medical treatment both before and after the complained-of incident. While it is unclear as to whether or not such testimony would be cumulative or whether or not each of these doctors would truly be available to testify at trial, Plaintiff would not be unduly prejudiced in her ability to produce these witnesses at trial, since the Federal Rules of Civil Procedure provide for the use of a video deposition at trial[1].

---

[1] Rule 30(b)(2) of the Federal Rules of Civil Procedure specifically allows for a deposition to be taken by audiovisual means. That audiovisual deposition may be used at trial, provided the party offering it provides the Court with a transcript of the testimony so offered pursuant to Rule 32(c).

Plaintiff further lists many unidentified persons at the Cook County Human Rights Commission as well as seven personal friends as potential witnesses. Plaintiff does not make it clear why all of these witnesses are necessary, and it would appear that much of the testimony sought from them would simply be cumulative. Therefore, the quality of this testimony is lessened. *See, e.g.* Hanley v. Omarc, Inc., 6 F. Supp. 2d 770, 775-776 (N.D. Ill. 1998)(Court, in analyzing the convenience of witness factor, disregarded those witnesses identified by Plaintiff, in part because the testimony identified would be cumulative).

When the nature and quality of the non-party witness testimony to the issues involved in the instant litigation is analyzed, it is apparent that a transfer to the District of Kansas is proper. Much of the testimony in terms of what the Defendant and its agents did or did not do will come largely from witnesses in that State, which is where the incident occurred.

With respect to the parties' relative convenience and the abilities to bear the costs of litigating in any particular forum, it is unknown what the Plaintiff's ability to bear the costs of litigating in Kansas would be. Plaintiff's response brief and declaration in support of her reply are silent as to that. Those documents also assert that the Plaintiff would be unable to fly to Kansas, but do not state why, other than making reference to her physical condition generally. Without such information, Defendant is not in a proper position to argue that Plaintiff would be inconvenienced by the transfer of this matter to Kansas. However, given that all other considerations involved in the weighing of convenience factors are heavily in favor of transferring this matter to the District of Kansas, Defendant respectfully requests that this Honorable Court transfer the instant matter.

### D.   The Interests of Justice

As noted above, the final component of the three-part transfer of venue test, consideration of the interests of justice, may be determinative, even if the convenience of the parties and witnesses might call for a different result. Coffey, 796 F.2d at 221. Here, it cannot be disputed that this litigation is more apt to be taken to trial sooner were it transferred to Kansas. While the movant does not possess the most current statistics for this Court with which to refute the Plaintiff's argument that this Court tries cases faster that the District as a whole, in 2007 it did take civil cases filed in the Northern District of Illinois a median time of 6.7 months longer to litigate from the time of filing to trial than those filed in the District of Kansas. This Court has noted that the average time from filing to trial is a good gauge of the relative pace of cases between two districts. See Allied Van Lines. Inc., 2005 U.S. Dist. LEXIS 6244, *13. Based upon the information available to Defendant, this component of the interests of justice analysis weighs in favor of transferring this matter.

With regards to the potential choice of law principals, Plaintiff concedes that Illinois's choice of law rules would be applied. The test employed be Illinois, the most significant relationship test, requires a court to evaluate: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. Esser v. McIntyre, 169 Ill. 2d 292, 297-298, 661 N.E.2d 1138, 1141 (1996). Illinois courts generally accord the place of injury factor the greatest weight under this test. Esser, 169 Ill.2d at 298.

It cannot be disputed that the place of the injury, the alleged injury-causing conduct, and the alleged various negligent acts and omissions on the part of the Defendant all occurred in Kansas. Plaintiff cites to no case law and makes no analysis as to why Illinois, rather than Kansas, substantive law would govern this action. While Defendant concedes Plaintiff's point that District Courts often decide questions based upon another State's laws, the Seventh Circuit has noted that this choice of law issue is to be a separate, and thus important, component of a §1404(a) transfer analysis. Coffey, 796 F.2d 220-221 ("In a diversity action it is also considered advantageous to have federal judges try a case who are familiar with the applicable state law.") As the District of Kansas would likely be more familiar with Kansas law than the Northern District of Illinois, transfer is proper.

Plaintiff finally argues that the residents of Kansas have no great interest in determining premises liability, and suggests that Illinois has as much interest in assuring that special relationships entered into by its residents comply with all legal requirements. There is no suggestion that a jury made up of Kansas citizens would disregard that interest. Defendant suggests that any imposition of liability and award for damages will serve the function of imposing community standards and serve as a deterrent for future negligent behavior. A Kansas resident corporation would be more properly held to such standards imposed by a Kansas jury. This matter should thus be transferred to the District Court of Kansas.

## CONCLUSION

Applying all of the aforementioned factors to the facts of the present case, transfer to the District of Kansas, Kansas City Division is warranted. Kansas is an undisputed proper venue, is the situs of all material events herein, is more convenient for the witnesses and parties, and the interests of justice clearly favor it.

For the foregoing reasons, Defendant, Marriott International, Inc., respectfully moves this Honorable Court for an Order granting its Motion to Transfer Venue to the U.S. District Court for the District of Kansas, Kansas City Division.

> Respectfully submitted,
>
> JOHNSON & BELL, LTD.
>
> By: /s/Paul Gamboa
> Paul Gamboa, one of the Attorneys for
> Marriott International, Inc.
> Attorney No: 6282923

JOHNSON & BELL, LTD.
Attorney for Defendant
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347