# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARJORIE FRIEDMAN SCHERR, ) | Case No. 08 C 2098 |
| ) | |
| Plaintiff ) | **THIRD AMENDED COMPLAINT** |
| ) | **FOR DAMAGES** |
| vs. ) | **(Premises Liability, Negligence)** |
| ) | |
| MARRIOTT INTERNATIONAL, ) | |
| INC., COURTYARD MANAGEMENT ) | **[JURY DEMAND]** |
| CORPORATION, COURTYARD II ) | |
| ASSOCIATES, LP, MARRIOTT ) | |
| INTERNATIONAL DESIGN AND ) | |
| CONSTRUCTION SERVICES, INC. ) | |
| TRI-SOUTH CONSTRUCTION, INC., ) | |
| LEO A. DALY, CO. and DURANOTIC ) | |
| DOOR, INC., DURANOTIC DOOR ) | |
| INSTALLATION ) | |
| ) | |
| Defendants ) | |
| _____ ) | |
| ) | |
| and related cross-complaints ) | |
| ) | |
| _____ ) | |

Plaintiff Marjorie Friedman Scherr alleges:

### INTRODUCTION

1. This is an action for personal injuries arising out of an incident that occurred at the Marriott Courtyard hotel in Overland Park, Kansas, on March 19, 2006, when plaintiff – a elderly guest registered at the hotel – was knocked to the ground by a hinged internal door in a room that was reserved for disabled individuals.

### PARTIES

2. Plaintiff Marjorie Friedman Scherr, at all times material herein, was a resident of the state of Illinois, in Cook County.

3. Defendant Marriott International, Inc., is a Delaware corporation headquartered in Bethesda, Maryland.  At all times relevant herein, Marriott owned the Courtyard Kansas City Overland Park hotel in Overland Park, Kansas.  At all times relevant herein,

Marriott does business in this jurisdiction, and the business it conducts is directly or indirectly related to the events underlying this complaint.

    4. Defendant Courtyard Management Corporation is a Delaware corporation headquartered in Bethesda, Maryland. At all times relevant herein, Courtyard was a wholly owned subsidiary of Marriott operating with Marriott and on its behalf the Courtyard Kansas City Overland Park hotel in Overland Park, Kansas. At all times relevant herein, Courtyard does business in this jurisdiction, and the business it conducts is directly or indirectly related to the events underlying this complaint.

    5. Defendant Courtyard II Associates, L.P. is a Delaware corporation headquartered in Bethesda, Maryland. At all times relevant herein, Courtyard II was a wholly owned subsidiary of Marriott operating with Marriott and on its behalf the Courtyard Kansas City Overland Park hotel in Overland Park, Kansas. At all times relevant herein, Courtyard II does business in this jurisdiction, and the business it conducts is directly or indirectly related to the events underlying this complaint.

    6. Defendant Marriott International Design and Construction Services, Inc., is a Delaware corporation headquartered in Bethesda, Maryland. At all times relevant herein, Marriott International Design and Construction Services, Inc., was a wholly owned subsidiary of Marriott operating with Marriott and on its behalf the Courtyard Kansas City Overland Park hotel in Overland Park, Kansas. At all times relevant herein, Marriott International Design and Construction Services, Inc does business in this jurisdiction, and the business it conducts is directly or indirectly related to the events underlying this complaint.

    7. Defendant Tri-South Construction, Inc. is a corporation headquartered in Austin Texas. Tri-South Construction was the general contractor for the "reinvention" of the hotel, which occurred approximately four months before plaintiff's injuries. This defendant contracted, agreed or was otherwise responsible for, and did perform, the installation, calibration, and service of the hotel room and door closing mechanism at the

Courtyard Kansas City Overland Park hotel. Until January 30, 2009, despite good faith efforts to determine previously all parties who may have had responsibility for the subject door hinge, plaintiff did not know of the identity of this defendant, its contractual responsibilities and/or any information regarding its negligence or cause of the injury in this case. Prior to that date, plaintiff had no reason or ability to know of defendant Tri-South and its role in this case and therefore could not join it as a defendant in this action.

8. Defendant Leo A. Daly, Co. is an architectural firm headquartered in Texas. This defendant was hired by Marriott to prepare design specifications and plans for the "reinvention" of the hotel, which was completed approximately four months prior to plaintiff's injury. This defendant was responsible for designing the construction of the ADA accessible rooms at the hotel, including the spring-hinged door in the room where plaintiff was injured. Until May 2009, despite good faith efforts to determine previously all parties who may have had responsibility for the subject door hinge and all wrongful conduct which might have been responsible for her injuries, plaintiff did not know of the identity of this defendant, its contractual responsibilities and/or any information regarding its negligence or cause of the injury in this case. Prior to that date, plaintiff had no reason or ability to know of defendant Leo A. Daly, Co. and its role in this case and therefore could not join it as a defendant in this action.

9. Defendant Duranotic Door, Inc., is a construction-related company headquarted in Olathe, Kansas. It was a subcontractor on the Marriott's "reinvention" project for the hotel, and they were responsible for supplying the hinged-doors for Marriott's construction project, including the door in the room where plaintiff was injured. Until May 2009, despite good faith efforts to determine previously all parties who may have had responsibility for the subject door hinge and all wrongful conduct which might have been responsible for her injuries, plaintiff did not know of the identity of this defendant, its contractual responsibilities and/or any information regarding its negligence or cause of the injury in this case. Prior to that date, plaintiff had no reason or ability to know of

defendant Duranotic Door, Inc. and its role in this case and therefore could not join it as a defendant in this action.

10. Defendant Duranotic Door Installation is a construction-related company headquarted in Olathe, Kansas, and a corporate entity wholly owned and related to Duranotic Door, Inc. It was a subcontractor on the Marriott's "reinvention" project for the hotel, and were responsible for installing and did install the hinged-doors for the construction project, including in the room where plaintiff was injured. Until June 2009, despite good faith efforts to determine previously all parties who may have had responsibility for the subject door hinge and all wrongful conduct which might have been responsible for her injuries, plaintiff did not know of the identity of this defendant, its contractual responsibilities and/or any information regarding its negligence or cause of the injury in this case. Prior to that date, plaintiff had no reason or ability to know of defendant Duranotic Door Installation and its role in this case and therefore could not join it as a defendant in this action.

## JURISDICTION AND VENUE

11. Based upon the diversity of citizenship, this action was removed by defendant Marriott International after it was filed in the Circuit Court of Cook County. As previously determined by the Court, venue is proper in this district based upon the fact that the injury occurred in part in this District.

## GENERAL ALLEGATIONS

12. Sometime prior to March 19, 2006, while residing in Cook County, plaintiff made a reservation to stay at the Marriott Courtyard hotel in Overland Park, Kansas, for a family trip to the area. At that time, plaintiff was a 76-year-old woman who suffered from physical disabilities and impairments on her mobility. Although she was not wheelchair bound at the time, plaintiff could move around safely only with the assistance of a walker. When plaintiff made her reservation for the hotel, she specifically inquired about the location of the room and the amenities available, given her physical limitations.

In making her reservations, plaintiff was assured that she would be staying at a room that was specially designated for disabled hotel guests.

13. On or about March 19, 2006, at approximately 1:00 a.m., while in the bathroom of her hotel room, plaintiff attempted to exit the bathroom through an internal spring-hinged door. To do so, plaintiff held onto her walker with one hand and with the other opened the bathroom door leading into the interior of her room. As plaintiff rolled her walker and attempted to leave the bathroom, the hinged door swung closed upon plaintiff, slamming her body hard against the floor. In the collision with the door and impact with the floor, plaintiff suffered significant bodily injuries, including a broken wrist, and required immediate emergency medical treatment.

14. As a proximate result of the negligence and unlawfulness of defendants and each of them, herein alleged, plaintiff sustained severe injuries to her body all of which injuries have caused and continue to cause plaintiff great mental, physical pain and suffering. These injuries included an open and compound fracture to the radius and ulna of the right forearm, which required two separate surgeries and a lifetime risk of deteriorating health and pain. Plaintiff's injuries also include an impact to plaintiff's hip, causing her to lose what little mobility she has left.

15. As a further and proximate result of the negligence of defendants, and each of them as herein alleged, plaintiff was required to and did employ physicians and other medical providers for medical examination, treatment and care of these injuries and did incur and continue to incur medical and incidental expenses in excess of $60,000.

**INNKEEPER DUTY TO PROTECT AGAINST DANGEROUS CONDITIONS**

16. As innkeepers and agents of innkeepers, defendants owed plaintiff a special duty of care to take reasonable measures and to protect her and other guests from harm and unnecessary dangerous conditions. This included an obligation to carefully design, install, inspect, calibrate and service disability-accessible features on the premises, maintain them in good working order, repair aspects that might pose a danger, and warn

guests of risks of injury. Defendants breached that duty of care as stated herein.

17. At the time of plaintiff's injury, the spring-hinged door on the bathroom at defendants' hotel was dangerous, unsafe and presented an unnecessary and unacceptable risk to hotel guests, especially those who are disabled and request special amenities in connection with their disabilities. In particular, the hinged door at the time of plaintiff's injury had an automatic spring door-closing device which was set to close the door without delay, and with excessive force, in such a manner as to impact upon the elderly and disabled guest as she was trying to clear the threshold. Defendants failed to exercise reasonable degree of care in designing, installing, calibrating, inspecting, and servicing this aspect of the accommodations. It is expected and foreseeable that elderly and disabled guests would be injured by srping-hinged doors closing automatically upon them, and it was therefore negligence and a breach of duty for the hotel and its agents to design, install, calibrate, inspect and service such hinged doors and/or fail to replace them or properly calibrate them prior to plaintiff's injury.

18. Defendants also failed to warn plaintiff or other guests of the risks of injury by the srping-hinged door. On information and belief, defendants failed to conduct reasonable efforts at installation, calibration, inspections, maintenance, repair, and safety checks consistent with their innkeeper and contractual obligations.

19. The dangerous condition of the bathroom door and defendants' negligence as set forth herein, were the proximate causes of plaintiff's injuries, and the types of injuries she sustained as a result are exactly those that are most likely foreseeable from the dangerous condition and negligence of defendants.

20. On information and belief, defendants and/or hotel employees had actual and constructive notice of the dangerous condition prior to plaintiff's injury, and the need to carefully design, install and calibrate the spring-hinges so as to avoid guest injuries.

**PRAYER FOR RELIEF**

Wherefore plaintiff demands judgment for compensatory damages, in an amount to be proved at trial, jointly and severally from each defendant, plus costs, attorneys fees and for other such relief as the Court may deem just and proper.

Dated: July 24, 2009  Julie Friedman Ehrlich
Jeremy L. Friedman


By: /s/Jeremy L. Friedman
Jeremy L. Friedman


JULIE L. FRIEDMAN
The Law Offices of Julie L. Friedman
P.O. Box 1334
Highland Park, IL 60035
Telephone: (847)414-8615
jlfehrlich@yahoo.com
Attorney # 6180634

JEREMY L. FRIEDMAN
Attorney at Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087
jlfried@comcast.net
Attorney # 6199791

Attorneys for plaintiff
Marjorie Friedman Scherr