UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARJORIE FRIEDMAN SCHERR, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) No. 08 C 2098<br>MARRIOTT INTERNATIONAL, INC., )<br>COURTYARD MANAGEMENT )<br>CORPORATION and TRI-SOUTH )<br>CONSTRUCTION, INC. )<br>)<br>Defendants. ) | |

### REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

NOW COMES the Defendant, TRI-SOUTH CONSTRUCTION, INC., (hereinafter referred to as "TRI-SOUTH"), by and through its attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., pursuant and for its Reply in Support of its Motion to Dismiss Plaintiff's Third Amended Complaint, states as follows:

In her Response, the Plaintiff makes several arguments in opposition to TRI-SOUTH's Motion to Dismiss, including several of which are inconsistent. First, the Plaintiff argues that this Court is not required to address whether Illinois or Kansas law applies to this matter as no conflict exists between the law of these states. Second, the Plaintiff contends that her claim against TRI-SOUTH is not time barred regardless of which statute of limitations applies as her cause of action did not accrue until 2009 when she discovered that TRI-SOUTH was involved the construction project at issue. Third, the Plaintiff argues that even if

her cause of action against TRI-SOUTH is time barred it should not be dismissed as it relates back to the filing of her initial Complaint. Finally, she contends that her claim against TRI-SOUTH should not be dismissed as it would hinder the possible resolution of the matter. However, all of the Plaintiff's arguments lack support and legal reasoning, undermine the purpose of statute of limitations, and are without merit. As stated herein, the Plaintiff's cause of action against TRI-SOUTH is barred by the applicable statutes of limitations. As such, the Plaintiff's Third Amended Complaint against TRI-SOUTH must be dismissed.

I. **A Conflict of Laws Exists and Under the "Choice-of-Law" Analysis Kansas Law Applies to this Matter**

The Plaintiff claims that no conflict exists between Kansas and Illinois law. However, as stated further herein, it is clear there are several significant differences between Kansas and Illinois law, including the statute of limitations on personal injury claims. In this regard, despite her argument that a conflict does not exist, the Plaintiff in her response references a difference in possible statute of limitations that may apply to her claim against TRI-SOUTH. Specifically, the Plaintiff suggests that Illinois and Kansas both have two year statutes of limitations for personal injury actions, and Illinois also has a four year statute of limitations for actions stemming from injuries sustained as a result of a construction project.[1] By the Plaintiff's own assertions, she has admitted that a conflict exists in this case, including on the specific issue of whether her action against TRI-SOUTH is time barred. In addition to the differences in Kansas and

---

[1] In her Response, the Plaintiff alleges that claims involving "Marriott's construction agents," including TRI-SOUTH, are governed by the four year statute of limitations under 735 ILCS 5/13-214(a).

Illinois law discussed by the Plaintiff, the law of these two states differs in several other respects, including but not limited to the affirmative defenses that can be asserted by the Defendants, the amount of damages that can be recovered by the Plaintiff, the manner in which fault will be determined by the jury, and the application of joint and several liability.[2] As such, it is clear that this Court must determine which state's law applies to this matter prior to deciding the pending Motion.

In this regard, "federal courts apply the choice-of-law test applicable to the State in which the Court sits." Straka v. Francis, 867 F. Supp. 767, 773 (N.D. Ill. 1994). In Illinois, a choice-of-law determination is required when a difference in law will make a difference in the outcome. Townsend v. Sears, Roebuck & Co., 227 Ill.2d 147, 156, 879 N.E.2d 893, 899 (2007). In this case, the outcome of the matter will be determined based upon the law applied to the facts of this case, including whether the Plaintiff's claims against TRI-SOUTH are barred by the applicable statute of limitations.

Generally, under Illinois choice-of-law analysis the Court applies several factors in determining which law to apply in a tort case, such as the place where the injury occurred, the place where the conduct causing the injury occurred, the domicile, residence, nationality, place of incorporation and place of business of

---

[2] Under Illinois law, a party may not directly plead the fault of a non-party as an affirmative defense, however, under Kansas law a party can assert the fault of a non-party and the non-party's fault will be apportioned by the jury. See K.S.A. 60-258a. Illinois does not limit the amount a party can recover for pain and suffering or noneconomic damages, whereas under Kansas law recovery for pain and suffering and noneconomic damages are limited. See K.S.A. 60-19a01; K.S.A. 60-19a02. Illinois applies modified contributory negligence, while Kansas applies comparative negligence. Compare 735 ILCS 5/2-1116 with K.S.A. 60-258a. Illinois applies joint and several liability and Kansas does not. Compare 735 ILCS 5/2-1117 with Wood v. Groh, 269 Kan. 420, 428, 7 P.3d 1163, 1170 (2000).

the parties, and the place where the relationship, if any, between the parties is centered. Townsend, 227 Ill.2d at 160, 879 N.E.2d at 901. However, the Illinois Supreme Court has held that under the Illinois choice-of-law analysis for personal injury claims, "**the local law of the State where the injury occurred should determine the rights and liabilities of the parties**, unless Illinois has a *more* significant relationship with the occurrence and with the parties." Id. at 163-64, 879 N.E.2d at 903 (emphasis added). Thus, **a presumption exists that the law of the state where the alleged injury occurred applies** unless overcome by a showing of a **more or greater** significant relationship to another State. Id. Further, the Restatement (Second) of Conflict of Laws § 146, adopted by the Illinois Supreme Court, states:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in section 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

See id. at 165, 879 N.E.2d at 904.

After the Court has determined the presumptive law to apply, it must be tested against the principles of § 6 of the Restatement, which states:

> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
>
> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
>
>     (a) the needs of the interstate and international systems,
>
>     (b) the relevant policies of the forum,

> (c) the relevant policies of other interested states and the relevant interests of those states in the determination of the particular issue,
>
> (d) the protection of justified expectations,
>
> (e) the basic policies underlying the particular field of law,
>
> (f) certainty, predictability and uniformity of result, and
>
> (g) ease in the determination and application of the law to be applied.

See id. at 159, 166-67, 879 N.E.2d at 900, 905.

Here, it is clear that the law of the State of Kansas applies to the Plaintiff's Third Amended Complaint against TRI-SOUTH as the Plaintiff is seeking recovery for injuries she allegedly sustained as a result of an alleged incident that occurred in Overland Park, Kansas. In her Response, the Plaintiff relies on Esser v. McIntyre, 169 Ill. 2d 292, 661 N.E.2d 1138 (1996), which she claims supports her position that under the choice-of-law analysis Illinois law shouldbe applied to this matter. However, unlike Esser, this matter is not "a wholly private dispute involving only Illinois residents." Rather, this matter involves parties from several different states, including but not limited to Illinois, Texas, and Kansas, of which only the Plaintiff is from Illinois.[3] Further, any relationship between the Plaintiff and the Defendants, including TRI-SOUTH, existed in Kansas as the construction project at issue, the Plaintiff's alleged hotel stay, and the alleged incident occurred in Kansas. This matter is more analogous to Wozniak v. Wyndham Hotels & Resorts, LLC, 2009 WL 901134, at *1 (N.D. Ill. Mar. 31,

---

[3] In fact, if any of the Defendants were residents of Illinois this Court would lack subject matter jurisdiction over this matter as this case was removed on the basis that diversity jurisdiction exists.

2009). As in Wozniak, this matter is not "a wholly private dispute involving only Illinois residents." Id. at *7. Further, applying Illinois law in this case would impinge on Kansas' interests in determining its own tort policy. Id. The mere fact that the Plaintiff allegedly booked her hotel from Illinois is not sufficient to overcome the presumption that the law of the place of her alleged injury, Kansas, governs this case. Id. Consequently, under Illinois choice-of-law provisions, Kansas law presumably applies to this matter and no other state, including Illinois, has a more significant relationship to this matter to overcome this presumption. Thus, Kansas law, including the two year statute of limitations governing personal injury actions, clearly applies to the substantive issues in this matter.

## II. Under Kansas Law the Plaintiff's Claim is Time-Barred

Despite the Plaintiff's contention to the contrary, the Plaintiff's Third Amended Complaint against TRI-SOUTH is barred by the two year statute of limitations governing personal injury actions in Kansas. K.S.A. 60-513. The Plaintiff contends that Kansas, like Illinois, has a discovery rule that determines when a cause of action accrues. However, the discovery rule in both states operates significantly different than the Plaintiff believes. In Kansas, a cause of action does not accrue "until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party." K.S.A. 60-513(b). Under Kansas law, a cause of action accrues when a party

sustains an actionable injury, not when the party determines the alleged tortfeasor that allegedly caused her actionable injury. K.S.A. 60-513(b); Moon v. City of Lawrence, 267 Kan. 720, 727-28, 982 P.2d 388, 394-95 (1999); Benne v. Int'l Business Machines Corp., 87 F.3d 419, 427 (10th Cir. 1996); Burton v. R.J. Reynolds Tobacco Co., 181 F. Supp. 2d 1256, 1268 (D. Kan. 2002). Further, an "injury is 'reasonably ascertainable,' for purposes of the statute providing that two-year limitations period commences when the fact of injury becomes reasonably ascertainable to the injured party, when the plaintiff knew or could reasonably have been expected to know of the alleged negligence." Bi-State Development Co., Inc. v. Shafer, Kline & Warren, Inc., 26 Kan. App. 2d 515, 518-19, 990 P.2d 159, 162 (Kan. App. 1999). In the case of a personal injury, such by a fall or automobile accident, a party's injury and another party's alleged negligence are both readily ascertainable on the date of the occurrence. Roe v. Diefendorf, 236 Kan. 218, 223, 689 P.2d 855, 860 (1984).

As the alleged incident occurred on March 19, 2006, the Plaintiff's cause of action accrued in 2006 when she knew of her alleged injuries and that her alleged injuries were allegedly caused by the negligence of a tortfeasor, not 2009 as alleged by the Plaintiff. As such, the Plaintiff's suit filed against TRI-SOUTH in 2009 is barred by the statute of limitations. The Plaintiff's failure to investigate the alleged cause of her alleged injuries does not toll the statute of limitations on her claim against TRI-SOUTH and permit the Plaintiff to maintain a cause of action against TRI-SOUTH after it has already been time barred. Further, the Plaintiff has not alleged sufficient facts to support any theory that the statute of

limitations on her claim against TRI-SOUTH was tolled. If the Plaintiff's argument were accurate, statutes of limitations would be undermined as a party could simply claim ignorance as to potential tortfeasors by filing claims that would otherwise be time barred. As the Plaintiff failed to file her claim against TRI-SOUTH within the two year statute of limitations, the Plaintiff's Third Amended Complaint against TRI-SOUTH must be dismissed.

### III. **The Plaintiff's Claim Against TRI-SOUTH Does Not Relate Back To the Plaintiff's Initial Complaint**

The Plaintiff asserts that even if her claim against TRI-SOUTH is time barred it relates back to the Plaintiff's initial Complaint and should not be dismissed. However, the Plaintiff's argument lacks any support and misinterprets Rule 15(c). In her Response, the Plaintiff argues that her claim against TRI-SOUTH relates back to her initial Complaint filed against Marriott International, Inc. In this regard, the Plaintiff cites no statute, rule or case that supports this argument. Further, the Plaintiff's Third Amended Complaint does not contain any allegations that suggest that the relation back doctrine applies to TRI-SOUTH. In fact, as the TRI-SOUTH is not related to any Marriott and/or Courtyard entity and first received notice of the Plaintiff's alleged accident and alleged injuries when it was served with Marriott International, Inc.'s Third Party Complaint, it would be inappropriate for the relation back doctrine to be applied in this case as to TRI-SOUTH. If the doctrine were applied to TRI-SOUTH, this Court would be setting precedent that would permit a party to amend her Complaint to include parties after the statute of limitations that she failed to investigate and discovery in a timely manner as governed by the doctrine behind statutes of limitations.

Consequently, Rule 15(c) does not apply to TRI-SOUTH in this case and the Plaintiff's claim against TRI-SOUTH must be dismissed.

### IV. Whether TRI-SOUTH Will Remain in This Action as Third-Party Defendant Has No Bearing on TRI-SOUTH's Motion to Dismiss

The Plaintiff contends that TRI-SOUTH's Motion should be denied as it would possibly hinder a resolution of this matter in her favor. However, the Plaintiff's contention is wholly without merit and/or legal support. In this regard, the Plaintiff requests that this Court disregard the fact that she filed her action against TRI-SOUTH after the statute of limitations ran merely because it would potentially adversely affect her ability to obtain the relief that she is seeking. The Plaintiff's request not only lacks legal support, but specifically undermines the purpose of statute of limitations. Thus, the Plaintiff's argument in this regard must be disregarded.

TRI-SOUTH further adopts and incorporates by reference the arguments raised by the other Defendants in their Motions to Dismiss and reply briefs.

WHEREFORE, the Defendant, TRI-SOUTH CONSTRUCTION, INC., respectfully requests that this Honorable Court dismiss the Plaintiff's Third Amended Complaint against the Defendant, TRI-SOUTH CONSTRUCTION, INC., with prejudice, for the reasons stated herein.

Respectfully Submitted,

 s/ Joseph G. Skryd
Joseph G. Skryd, One of the Attorneys for
Defendant, TRI-SOUTH CONSTRUCTION, INC.

Mulherin, Rehfeldt & Varchetto, P.C.
211 S. Wheaton Avenue, Suite 200
Wheaton, Illinois 60187

## **CERTIFICATE OF SERVICE**

       I hereby certify that on October 9, 2009, I electronically filed the foregoing for the Defendant, Tri-South Construction, Inc., with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Julie L. Friedman
The Law Offices of Julie L. Friedman
P.O. Box 1334
Highland Park, Illinois 60035
(847) 414-8615
jlfehrlich@yahoo.com

Jeremy L. Friedman
2801 Sylhowe Road
Oakland, California 94602
(510) 530-9060
jlfried@comcast.net

Robert Michael Burke
Michael Joseph Linneman
Paul Gamboa
Timothy R. Couture
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
burker@jbltd.com
linnemanm@jbltd.com
gamboap@jbltd.com
couturet@jbltd.com

Jeffrey T. Kubes
Ryan T. Johnson
SCHUYLER, ROCKE & CRISHAM, P.C.
130 East Randolph Street
Suite 3800
Chicago, Illinois 60601
jkubes@srcattorneys.com
rjohnson@srcattorneys.com

Marc Abramson
ABRAMSON, MURTAUGH & COGHLAN
105 West Adams
Suite 2000
Chicago, Illinois 60603
marc.abramson@farmersinsurance.com


                                                                                           <u>  s/ Joseph G. Skryd  </u>