**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MARJORIE FRIEDMAN SCHERR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 08 C 2098** |
| ) | |
| **MARRIOTT INTERNATIONAL, INC.;** ) | |
| **COURTYARD MANAGEMENT** ) | |
| **CORPORATION; COURTYARD II** ) | |
| **ASSOCIATES, L.P.; MARRIOTT** ) | |
| **INTERNATIONAL DESIGN AND** ) | |
| **CONSTRUCTION SERVICES, INC.;** ) | |
| **TRI-SOUTH CONSTRUCTION, INC.;** ) | |
| **LEO A. DALY CO.; DURANOTIC DOOR,** ) | |
| **INC.; and DURANOTIC DOOR** ) | |
| **INSTALLATION,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Marjorie Friedman Scherr has sued Courtyard Management Corporation

(Courtyard Management), Courtyard II Associates, L.P. (Courtyard II), Marriott

International Design and Construction Services, Inc. (MIDCS), and Tri-South

Construction, Inc. (Tri-South), along with other defendants, claiming negligence for

personal injuries she allegedly suffered while staying as a guest at a Marriott Courtyard

hotel in Overland Park, Kansas.  These defendants have moved to dismiss Scherr's

complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure

12(b)(6), arguing that her claims against them are time-barred.

**Background**

The Court takes the following facts from the allegations in Scherr's third amended complaint. In March 2006, Scherr, who at the time was seventy-six years old, stayed at the Marriott Courtyard hotel in Overland Park, Kansas while on a family trip to the area. Because she was able to walk only with a walker, she reserved a room at the hotel reserved for disabled guests. On March 19, 2006 at approximately 1:00 a.m., Scherr attempted to leave the bathroom in her room while using her walker. She exited the bathroom through a spring-hinged door. As she rolled her walker and tried to exit, the door closed quickly, striking her and causing her to fall to the floor. As a result of the fall, she broke her right wrist and was required to go to the hospital, where she underwent surgery. The impact also injured her right hip, "causing her to lose what little mobility she [had] left." 3rd Am. Compl. ¶14.

Scherr filed this suit in Illinois state court on March 17, 2008, naming initially Marriott International, Inc. as the only defendant. Marriott removed the case to this Court. Scherr learned on June 15, 2008 (via another motion in this case) that Courtyard Management was the entity that managed the hotel. In late January 2009, Scherr learned that the door appeared to have been installed as part of an overall "reinvention" of the hotel and that the general contractor was Tri-South Construction. On February 17, 2009, she filed an amended complaint, naming Courtyard Management and Tri-South as additional defendants.

Scherr later learned of the involvement of other entities in the design or installation of the door. On June 10, 2009, she filed a second amended complaint, adding Leo Daly Co. and Duranotic Door Inc. as defendants. Scherr filed her third

2

amended complaint on July 24, 2009, adding MIDCS, Courtyard II Associates, and Duranotic Door Installation as defendants. Scherr alleges that Marriott owns the hotel; Courtyard Management and Courtyard II, both wholly owned Marriott subsidiaries, operate it; MIDCS helped planned the renovation project that included installation of the door in question; Tri-South was the general contractor for the project; Leo A. Daly Co. prepared designs and plans for disability-accessible rooms; Duranotic Door supplied the door; and Duranotic Door Installation installed it.

Scherr asserts negligence claims against all the defendants. Among other things, she alleges that the spring-hinged bathroom door was unsafe in that its automatic closing device was set to close too quickly and with too much force and that the defendants failed to exercise reasonable care in designing, installing, calibrating, inspecting, and servicing the door.

## Discussion

When considering a motion to dismiss a complaint, the Court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiff. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss under Rule 12(b)(6), the complaint must include enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Bissessur v. Ind. Univ. Bd. of Trs.*, No. 08-3504, 2009 WL 2902076, at *2 (7th Cir. Sept. 11, 2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

3

A.      **Service of process on Courtyard**

On September 8, 2008, the Court set a deadline of January 30, 2009 for

amending pleadings and adding parties.  On that date, Marriott filed a motion for leave

to file a third-party complaint against Tri-South, and two weeks later, Scherr filed a

motion to file an amended complaint adding Tri-South and Courtyard Management as

defendants.  The Court granted both motions on February 17, 2009.  Because the

motions had been filed at what the Court saw as a point late in the process, the Court

directed Marriott to serve Tri-South with a summons, not a waiver, and to do so within

seven days.  Marriott complied, serving Tri-South with summons on February 23, 2009.

The Court does not believe that it imposed a similar time limit on Scherr's service of

Courtyard Management.  That, however, is of no consequence; one way or the other,

the Court did not intend to modify the provisions of Rule 4(m), which gave Scherr 120

days to serve Courtyard Management.  Rather, the Court was simply hoping to move

the proceedings along.

It appears that Scherr caused Courtyard Management to be served on June 18,

2009, 121 days after the filing of the amended complaint that first named Courtyard as a

defendant.  Courtyard Management asks the Court to dismiss the complaint for that

reason.  It relies on a technical application of Rule 4(m) and "does not show any actual

harm in its ability to defend the suit as a consequence of the delay in service."  *Coleman*

*v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002) (district court did not

abuse discretion in dismissing lawsuit, even though "most district judges probably would

. . . allow a late service" where defendant is not harmed).  "When delay in service

causes zero prejudice to the defendant or third parties (or the court itself), the granting

4

of extensions of time for service, whether before or after the 120-day period has expired, cannot be an abuse of discretion." *United States v. McLaughlin*, 470 F.3d 698, 701 (7th Cir. 2006). Accordingly, the Court now grants Scherr a one-day extension of the time for service on Courtyard Management under Rule 4(m) and thus declines the dismiss the claims against that entity on the basis of late service.

## B. Statute of limitations

Courtyard Management, Courtyard II, MIDCS, and Tri-South all argue that the claims against them are time-barred because they were not sued within two years of Scherr's injury. The statute of limitations is an affirmative defense. A plaintiff generally is not required to anticipate or negate in her complaint possible affirmative defenses. *Limestone Dev. Corp. v. Vill. of Lemont,* 520 F.3d 797, 802 (7th Cir. 2008); *Tregenza v. Great Am. Commc'n Co.*, 12 F.3d 717, 719 (7th Cir. 1993). A court may dismiss a complaint for failure to state a claim, however, if the allegations in the complaint show that the claim is barred by the applicable statute of limitations because, for instance, the date the claim accrued is incontestable, the limitations period has run, and no tolling rule possibly could apply. *Limestone Dev. Corp.*, 520 F.3d at 802; *see also Tregenza*, 12 F.3d at 719.

The Court puts aside for a moment the question of whether the limitations period is two years or some longer period. As an initial matter, Scherr contends that her claims against the Marriott-related defendants (all of the moving defendants other than Tri-South) relate back to the date she filed suit against Marriott, which was less than two years after her injury. If this is so, the claims against those defendants are not time-barred even if a two year statute of limitations applies.

5

Under Federal Rule of Civil Procedure 15(c)(1), an amendment to a complaint relates back to the date of the original complaint if that is permitted by the law that provides the applicable statute of limitations or, when a party is added or changed, the claim arises out of the same occurrence as the original complaint, and the newly named party "received such notice of the action that it will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

There is no question that the claims against the Marriott-related entities arise from the same occurrence as Scherr's original claim against Marriott. In a case like this one, the notice requirement of Rule 15(c)(1) largely boils down to an inquiry into the relationship between the original defendant and the newly added defendants. Specifically, the Seventh Circuit permits adding "new parties . . . [to] an action when the new and old parties have such an identity of interest that it can be assumed, or proved, that relation back is not prejudicial." *Staren v. Am. Nat. Bank & Trust Co. of Chi.*, 529 F.2d 1257, 1263 (7th Cir. 1976) (internal quotation marks and citation omitted). The identity of interest principle "'is often applied where the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space.'" *Norton v. Int'l Harvester Co.*, 627 F.2d 18, 21-22 (7th Cir. 1980) (quoting *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 102-03 (1st Cir. 1979)). This bears on Rule 15(c)'s notice requirement, and the Seventh Circuit has defined "'[n]otice,' . . . as the means for evaluating prejudice." *Woods v. Ind. Univ.-*

6

*Purdue Univ. at Indianapolis*, 996 F.2d 880, 888 (7th Cir. 1993).

The Marriott entities in this case are wholly-owned subsidiaries of and operate out of the same location as Marriott International, the original defendant in the case. In addition, all of the Marriott entities involved in the case share the same agent for service of process and counsel here in Illinois. Under the circumstances, the Court concludes that the Marriott entities received notice of the lawsuit within the prescribed time period and can claim no prejudice in defending on the merits despite their somewhat later entry into the suit.

The next question is whether the Marriott entities "should have known that the action would have been brought against [them], but for a mistake concerning the property party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). The problem for Scherr is that she does not identify any "mistake" concerning the identity of these additional parties; rather, she says that she did not know of their involvement. *See* Pl.'s Opp. to Mots. To Dismiss at 7-8 (discussing how plaintiff's counsel learned of the newly-named defendants). Rule 15(c) "'permits an amendment to relate back only where there has been an error made concerning the identity of the property party . . . but it does not permit relation back where . . . there is a lack of knowledge of the proper party.'" *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) (quoting *Wood v. Woracheck*, 618 F.2d 1225, 1229 (7th Ci.r 1990). A party who, like Scherr, originally names "John Doe" defendants because she does not know who harmed her "has not made a 'mistake' concerning 'identity' within the meaning of Rule 15(c)(3). [Sh]e simply lacks knowledge of the proper party to sue. . . . A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the

7

defendant's 'identity.'" *Id.*

For this reason, the Court concludes that Scherr's amended complaint naming the additional Marriott entities does not relate back to the date she filed her original complaint or, for that matter, to any date within two years of her injury.

The Court therefore is required to determine the applicable statute of limitations. "A federal court sitting in diversity must follow the statute of limitations that the state in which it is sitting would use." *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 707 (7th Cir. 2004) (citing *Guaranty Trust Co. v. York,* 326 U.S. 99, 110 (1945)). As the Seventh Circuit noted in *Thomas*, Illinois considers statutes of limitation to be procedural matters and thus applies Illinois law even if the case otherwise might be governed by another state's substantive law.[1] *Id.*; *see Belleviille Toyota, Inc. v. Toyota Motor Sales, USA, Inc.*, 199 Ill. 2d 325, 351-52, 770 N.E.2d 177, 194 (2002) ("Statutes of limitation are procedural, merely fixing the time in which the remedy for a wrong may be sought, and do not alter substantive rights. Accordingly, Illinois law governs the timeliness of plaintiff's claim.").

Illinois imposes a two-year statute of limitations upon actions to recover for personal injuries. 735 ILCS 5/13-202. But Illinois has four-year limitations period for claims arising from "the design, planning supervision, observation or management of construction or construction of an improvement to real property." *Id.* 13-214(a). "Where two statutes of limitations might apply, Illinois courts instruct that we should apply the more specific one." *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 518

---

[1]  In *Hollander v. Brown*, 457 F.3d 688 (7th Cir. 2006), the Seventh Circuit determined to apply the Illinois statute of limitations, saying that this was a matter of "substantive law," but as the court noted in that case, the question of which state's law governed was not in dispute. *See id.* at 692 n.2.

8

F.3d 459, 468 (7th Cir. 2008); *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 196, 595 N.E.2d 561, 564 (1992) ("Section 13-214(a) . . . applies specifically to construction-related activities.  Thus, we find that it takes precedence over the general statute of limitations for personal injuries set out in section 13-202.").

Based on the record currently before the Court, it would appear that the hotel's renovation project, including the installation of the door and hinge that Scherr claims caused her injuries, constituted an "improvement to real property" within the meaning of section 13-214(a).  *See St. Louis v. Rockwell Graphic Sys. Inc.*, 153 Ill. 2d 1, 4-5, 605 N.E.2d 555, 556-57 (1992) ("Relevant criteria for determining what constitutes an 'improvement to real property' [pursuant to Section 13-214(b)] include:  whether the addition was meant to be permanent or temporary, whether it became an integral component of the overall system, whether the value of the property was increased, and whether the use of the property was enhanced."); *Ambrosia Land Invs., LLC v. Peabody Coal Co.*, 521 F.3d 778, 781-84 (7th Cir. 2008); *see also Bailey v. Allstate Dev. Corp.*, 316 Ill. App. 3d 949, 958-62, 738 N.E.2d 189, 196-99 (2000) (applying criteria in *St. Louis* to interpret the same language in Section 13-214(a)).

For this reason, the four-year limitation period in section 13-214(b) would appear to apply to Scherr's claims against each of the moving defendants, because she alleges that she suffered personal injuries resulting from a design and construction project in which each of them participated.  *See Commonwealth Edison Co. v. Walsh Construction Co.*, 177 Ill. App. 3d 373, 378-79, 532 N.E.2d 346, 349 (1988) ("[There is] no doubt that the legislature intended the limitation provision of section 13-214 to apply to both the property owner and third parties for their injury and damages.").  And

9

"[s]ection 13-214 applies to all parties engaged in construction activities." *Morietta v. Reese Construction Co.*, 347 Ill. App. 3d 1077, 1081, 808 N.E.2d 1046, 1049 (2004); *see also Zielinski v. Miller*, 277 Ill. App. 3d 735, 741, 660 N.E.2d 1289, 1294 (1995).

It may be, as the facts develop, that the evidence will show that some of the moving defendants had no involvement in the construction project and thus are entitled to assert a shorter period of limitations. At the present stage, however, reasonable inferences are drawn in Scherr's favor. Given that standard, one can reasonably infer that, as the hotel's operators, Courtyard Management and Courtyard II observed, managed, or supervised the hotel's renovation project. The fact that they were operators of the property (or perhaps owners) does not exclude them from the statute if they observed, managed, or supervised the renovation project. *People ex. rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.*, 114 Ill. 2d 252, 261, 500 N.E.2d 34, 37 (1986) ("The . . . statute [section 13-214(a)]. . . does not exclude persons based upon their status. It [applies], on its face, [to] anyone who engages in the enumerated *activities*. This court has given particular deference to legislative classifications when those classifications are based upon activities rather than status.") (emphasis in original); *see also Herriott v. Allied Signal, Inc.*, 998 F.2d 487, 490 (7th Cir. 1993).

For these reasons, the Court declines to dismiss as time-barred Scherr's claims against the Marriott-related entities and Tri-South.

## Conclusion

For the foregoing reasons, the Court denies defendants' motion to dismiss [docket nos. 122, 151, 157] and directs them to answer the third amended complaint by

no later than December 3, 2009.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  November 19, 2009