Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2098 | **DATE** | 12/13/2010 |
| **CASE TITLE** | Scherr vs. Marriott Int'l, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court concludes that defendant Leo A. Daly Co. is not entitled to a setoff against the statutory cap on noneconomic damages for amounts paid in settlement by other defendants.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

A Kansas statute provides that "[i]n any personal injury action, the total amount recoverable by each party from all defendants for all claims for noneconomic loss shall not exceed a sum total of $250,000." K.S.A. § 60-19a02(b). The statute further provides that "[i]f the verdict results in an award for noneconomic loss which exceeds the limit of this section, the court shall enter judgment for $250,000 for all the party's claims for noneconomic loss. Such entry of judgment by the court shall occur after consideration of comparative negligence principles in K.S.A. 60-258a and amendments thereto." K.S.A. § 60-19a02(d). The plaintiff in this case sued several defendants and has settled with all but one of them, Leo A. Daly Co. The question before the Court is whether and how (if at all) Daly is entitled to credit against the statutory cap for the amounts paid by the settling defendants.

It does not appear that any Kansas court has considered this question, and the answer is not free from doubt. In *Adams v. Via Christi Regional Med. Ctr.*, 270 Kan. 824, 19 P.3d 132 (2001), however, the Kansas Supreme Court considered a similar question in relation to a statutory cap on damages in wrongful death actions. *See* K.S.A. § 60-1903. In *Adams*, the plaintiffs sued a physician and a hospital and settled with the hospital before trial. At trial, the jury returned a wrongful death verdict that exceeded the statutory cap. The physician argued that he was entitled to a credit for the amount of the hospital's settlement. The court rejected this argument, stating that "the right of the [plaintiffs] to recover from the doctor was in no way affected by their settlement with the hospital, and the [plaintiffs] are entitled to keep the advantage of their bargaining." *Id.* at 829, 19 P.3d at 136.

The court noted that K.S.A. § 60-1903(a) and (c), which correspond to subsections (b) and (d) in the statute under consideration here, referred to "award[s]" and "damages," which the court characterized as "words associated with trials and verdicts," and "did not use the terms 'proceeds' or 'settlement.'" *Adams*, 270 Kan. at 831, 19 P.3d at 137-38. It further noted that "the statute is silent as to settlement proceeds." *Id.* at 831, 19

P.3d at 138.  It concluded that the statutory cap "is not a measure of damages, but rather limits the recovery of the damages awarded by a judge or jury."  *Id.* at 833, 19 P.3d at 138.  As a result, the court determined, the plaintiffs' settlement with the hospital "has no effect on their right of recovery from [the physician].  The [plaintiffs] are entitled to keep the benefit of their bargain."  *Id.*

Unlike K.S.A. § 60-1903(a), the statutory cap under consideration in the present case does not use the term "award of damages" in the subsection imposing the cap.  Rather, as quoted earlier, it says that "the total amount recoverable" for noneconomic damages shall not exceed $250,000.  *See* K.S.A. § 60-19a02(b).  But in the subsection saying how a court imposes the cap, the statute refers specifically to a "verdict" that results in an "award" that exceeds the cap.  *See* K.S.A. § 60-19a02(d).  This suggests that like K.S.A. § 60-1903, the cap on noneconomic damages found in K.S.A. § 60-19a02 applies only to awards by a jury or a judge, not to settlements.  And like K.S.A. § 60-1903, K.S.A. § 60-19a02 is silent regarding application of the cap to settlement proceeds.  The Court concludes that under K.S.A. § 60-19a02 (as is the case under K.S.A. § 60-1903), a nonsettling defendant is not entitled to a setoff against the damage cap for amounts paid by settling defendants.

As the Kansas Supreme Court suggested in *Adams* via its quotation, with approval, from a decision by a Kansas appellate court, this is partly a function of Kansas's abolition of the concept of joint and several liability in K.S.A. § 60-258a:

> "An injured party whose claim for damages is exclusively subject to the Kansas comparative negligence statute may now settle with any person or entity whose fault may have contributed to the injuries without that settlement in any way affecting his or her right to recover from any other party liable under the act.  The injured party is entitled to keep the advantage of his or her bargaining . . . ."

*Adams*, 270 Kan. at 828, 19 P.3d at 135-36 (quoting *Geier v. Wikel*, 4 Kan. App. 2d 188, 190, 603 P.2d 1028, 1030 (1979)).  *Cf. Glenn v. Fleming*, 240 Kan. 724, 731, 732 P.2d 750, 755 (1987) (trial court's reduction of damages by amounts paid by settling defendants was erroneous because it effectively granted non-settling defendant the right of contribution, which Kansas abolished via K.S.A. § 60-258a).

In this Court's view, *Hoover v. Innovative Health of Kansas, Inc.*, 26 Kan. App. 2d447, 988 P.2d 287 (1999), cited by Daly, has no bearing on the issue under consideration.  *Hoover* holds only that if a plaintiff aggregates several claims against a defendant in a single action, the cap on noneconomic damages in K.S.A. § 60-19a02(b) applies to all of the claims in the aggregate, and not separately to each claim.  *Hoover* has nothing to do with settlements and how they affect application of the damage cap in a trial against a nonsettling defendant.

For these reasons, the Court concludes that Daly is not entitled to a setoff against the statutory cap on noneconomic damages for amounts paid in settlement by other defendants.