## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MARJORIE FRIEDMAN SCHERR, )
 )
  Plaintiff )
 ) Case No. 08 C 2098
vs. )
 )
MARRIOTT INTERNATIONAL, INC., )
COURTYARD MANAGEMENT )
CORPORATION, COURTYARD II ) Judge Matthew F. Kennelly
ASSOCIATES, LP, MARRIOTT )
INTERNATIONAL DESIGN AND )
CONSTRUCTION SERVICES, INC. TRI- )
SOUTH CONSTRUCTION, INC., and LEO A. )
DALY, CO., )
 )
  Defendants )
 )

## STATUS OF DISCUSSIONS REGARDING FINAL SETTLEMENT DOCUMENTATION

For the Court's assistance, in preparation for the telephonic Status Hearing set for Thursday, June 16, 2010 at 8:55 am, attached hereto as Exhibits A through G, in chronological order, are copies of the email correspondences and proposed draft settlement documents sent between counsel for plaintiff and Leo A. Daly Co. on June 15. While the parties have made progress, as of the filing of this Status, an agreement on documentation has not been finalized.

Respectfully submitted,

Date: June 15, 2011  By: s/ Steven P. Schneck
  One of the attorneys for Plaintiff

## PROOF OF SERVICE BY ELECTRONIC FILING

The undersigned, on oath, states that he served this Status by electronically filing it using the CM/ECF system which will send notification of such filing to all counsel, on June 15, 2011.

By:    s/ Steven P. Schneck
One of the attorneys for Plaintiff

JULIE L. FRIEDMAN
The Law Offices of Julie L. Friedman
P.O. Box 1334
Highland Park, IL 60035
Telephone: (847) 414-8615
jlfehrlich@yahoo.com

JEREMY L. FRIEDMAN
Attorney at Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
jlfried@comcast.net

STEVEN P. SCHNECK
Robert D. Allison & Associates
122 South Michigan Avenue
Suite 1850
Chicago, IL 60603
Telephone: (312) 427-7600
spschneckjazzlaw@yahoo.com

# EXHIBIT A

# PLAINTIFF'S DRAFT 1 AND EMAIL SENT AT 1:41 pm

Print - Close Window

Subject: Revised proposed Release and Indemnification agreement
From:     Steve Schneck (spschneckjazzlaw@yahoo.com)
To:        rjohnson@srcattorneys.com;
Cc:        jlfried@comcast.net; jlfehrlich@yahoo.com;
Date:     Wed, 15 Jun 2011 13:41:20

Ryan, per your request, attached is a copy of Plaintiff's previously proposed Release and
Indemnification Agreement in WORD with additions in two places. First, in the second
paragraph on page 4, we have added provisions regarding indemnification from Julie Friedman
Ehrlich and Robert D. Allison & Associates. Second, at the end of the document, we have
added signature lines for Julie Friedman Ehrlich, Robert D. Allison & Associates, Leo A. Daly
Co. and counsel for Leo A. Daly Co. We have also added lines for dates with respect to those
signatures.
While you initially rejected the proposed additional indemnification language during our brief
telephone call earlier this afternoon, I hope upon reflection that you will agree that it is
reasonable under the circumstances. Indemnification from Julie Friedman Ehrlich and Robert
D. Allison & Associates was not part of the settlement agreement reached on December 14,
2010. We are only adding these provisions to the proposed documentation given your
concerns and in the interest of resolving this matter now. In addition, as I mentioned during our
earlier telephone call, we will instruct Mrs. Scherr to set aside $35,000 from the $190,000
payment she receives from Daly, for purposes of Medicare reimbursement, which will further
ensure that this hypothetical issue will not arise.
When you have additional suggested release provisions for us to review consistent with Judge
Kennelly's statements during today's hearing, please send them to me.
This will also confirm that you indicated to me after our hearing that because of the date of
Daly's settlement check previously disclosed, a new check will have to be issued but that
should only take a few days.
I hope that we will be able to report to the Court tomorrow morning that the motion to enforce
will not need to be considered further.
Thank you for your consideration.

Steve Schneck

*DRAFT #1*

## RELEASE AND INDEMNIFICATION AGREEMENT

**THIS IS A COMPLETE AND FINAL RELEASE OF ALL CLAIMS. BY SIGNING THIS DOCUMENT, YOU ARE FOREVER GIVING UP SUBSTANTIAL RIGHTS. FULLY READ AND UNDERSTAND THIS DOCUMENT BEFORE SIGNING. THIS AGREEMENT MAY BE EXECUTED IN PARTS, AND MAY BE RETURNED VIA FACSIMILE.**

I, **MARJORIE FRIEDMAN SCHERR**, in consideration of ONE HUNDRED NINETY THOUSAND AND NO/100 ($190,000) DOLLARS of which is to be paid by or on behalf of LEO A. DALY, CO., do hereby release and forever discharge, on my own behalf and on behalf of my heirs, personal representatives and assigns, LEO A. DALY, CO., and any and all of their insurers, attorneys, claims administrators, divisions, parents, subsidiaries, affiliates, lessors, lessees, successors, predecessors and assigns, together with their respective officers, shareholders, directors, employees, agents, and principals, (hereinafter referred to as "Releasees") from and against any and all claims, demands, liabilities, damages, punitive damages, loss of services, loss of consortium, actions, causes of action, and damages of any kind or nature whatsoever which I now have or may in the future have against them, or any of them, arising from or on account of all personal injury, disability, property damage, wage or income loss, medical expense, loss of consortium, loss or damage of any kind already sustained or that may hereafter be sustained by me, my heirs, personal representatives or assigns, in consequence of a certain incident wherein **MARJORIE FRIEDMAN SCHERR** claims to have sustained injuries as a result of a fall which occurred in the Courtyard by Marriott Kansas City/Overland Park Hotel, in Overland Park, Kansas, on or about the 19th day of March, 2006, and which incident is more particularly described in the lawsuit filed in the Circuit Court of Cook County, and captioned, *Marjorie Friedman Scherr v. Marriott International, Inc.*, Court No. 08 L 62013,

which lawsuit was removed to the United States District Court for the Northern District of Illinois and assigned Court No. 08 CV 2098.

Except as otherwise provided for in this agreement, and without waiver of fees, costs and expenses related to claims under the ADA as set forth in greater detail below, **MARJORIE FRIEDMAN SCHERR** agrees that the dismissal of this action with prejudice will be without an award of attorneys' fees, costs or expenses. She further acknowledges that, by payment pursuant to this settlement agreement, released parties make no representation or agreement or take any action which might constitute acquiescence with respect to any recovery of attorneys' fees under the ADA.

The foregoing shall not be construed as a release and discharge of the action brought by **MARJORIE FRIEDMAN SCHERR** against **MARRIOTT INTERNATIONAL**, et al., for injuries alleged to have resulted from a fall which occurred in the Courtyard by Marriott Kansas City/Overland Park Hotel, in Overland Park, Kansas, on or about the 19th day of March, 2006, and which incident is more particularly described in the lawsuit filed in the Circuit Court of Cook County, and captioned, *Marjorie Friedman Scherr v. Marriott International, Inc.*, Court No. 08 L 62013, which lawsuit was removed to the United States District Court for the Northern District of Illinois and assigned Court No. 08 CV 2098.

The foregoing shall not be construed as a release and discharge of the action brought by **MARJORIE FRIEDMAN SCHERR** predicated upon an alleged violation of the American with Disabilities Act, and which is more particularly described in the lawsuit filed in the United States District Court for the Northern District of Illinois and captioned *Marjorie Friedman Scherr v. Marriott International, Inc., et al.*, and assigned Court No. 10 CV 7384. In addition, the foregoing shall not be construed as a release of the remedies available to

**MARJORIE FRIEDMAN SCHERR** pursuant to that ADA lawsuit, including but not limited to declaratory relief, equitable relief (including injunctive relief), attorneys' fees, costs, or expenses. It is understood that the settlement reached between the parties and dismissal of the pending action as a result of this settlement will not affect or have impact on plaintiff's rights under the ADA. **MARJORIE FRIEDMAN SCHERR** further acknowledges that, by payment pursuant to this settlement agreement, released parties make no representation or agreement and take no action which might constitute acquiescence with respect to any recovery of attorneys' fees under the ADA.

To procure payment of the aforementioned sum, I, **MARJORIE FRIEDMAN SCHERR**, do hereby declare that I am competent and of the age of majority, that no representation about the nature and extent of any damages, loss or injury made by any attorney or agent of any party hereby released, nor any representations regarding the nature and extent of the legal liability or financial responsibility of any of the parties hereby released have induced me to make this settlement; that in determining said sum, there has been taken into consideration not only the ascertained damages and losses, but also the fact that consequences not now ascertained may result from said occurrence, casualty or event as herein before referenced.

I, **MARJORIE FRIEDMAN SCHERR**, hereby agree that as a further consideration and inducement for this compromise settlement, that this settlement shall apply to all unknown and unanticipated injuries or damages resulting from said accident, casualty or event, as well as to those now disclosed.

I, **MARJORIE FRIEDMAN SCHERR**, understand that the parties hereby released admit no liability of any sort arising from the incident alleged in the pleadings and that said payment is made in settlement and compromise to terminate further controversy respecting all

claims for damages that I have heretofore asserted or that I or my personal representative or administrator might hereafter assert because of the aforesaid incident.

I, **MARJORIE FRIEDMAN SCHERR**, and her attorney, Jeremy L. Friedman, further agree to hold harmless and indemnify "Releasees," from and against any claims, actions, or lawsuits, including attorneys' fees, brought against them by Medicare, arising from the incident heretofore described. In the event that any claims, actions, or lawsuits, including attorneys' fees, are brought against Releasees by Medicare, arising from the incident heretofore described and Releasees make reasonable attempts to seek indemnification from Jeremy L. Friedman and Marjorie Friedman Scherr for said amounts but are unsuccessful, Releasees may then seek indemnification from Julie Friedman Ehrlich, attorney for Marjorie Friedman Scherr, for said amounts. In the event that any claims, actions, or lawsuits, including attorneys' fees, are brought against Releasees by Medicare, arising from the incident heretofore described and Releasees make reasonable attempts to seek indemnification from Jeremy L. Friedman, Julie Friedman Ehrlich and Marjorie Friedman Scherr for said amounts but are unsuccessful, Releasees may then seek indemnification from Robert D. Allison & Associates, attorney for Marjorie Friedman Scherr, for said amounts. Under no circumstances may Releasees seek indemnification from Robert D. Allison & Associates for said amounts without first making reasonable attempts to seek indemnification from Jeremy L. Friedman, Julie Friedman Ehrlich and Marjorie Friedman Scherr for said amounts.

I, **MARJORIE FRIEDMAN SCHERR**, and her attorney, Jeremy L. Friedman, further agree that I and my attorney, Jeremy L. Friedman, are responsible for satisfying any and all claims of lien or rights to reimbursement for conditional payments by Medicare arising out of treatment for injuries alleged to have occurred as a result of the above-referenced fall.

I, **MARJORIE FRIEDMAN SCHERR,** hereby acknowledge receipt of a copy of this Release and Indemnification Agreement before signing same. It is understood that the provisions of this Release and Indemnification Agreement are contractual and are not merely recitals, and that I have read the foregoing Release and Indemnification Agreement, understood its terms, and sign this Release and Indemnification Agreement as my voluntary act and deed.

I, **MARJORIE FRIEDMAN SCHERR,** hereby acknowledge that an order dismissing the litigation against the Releasees with prejudice has been entered, and that such dismissal was made upon the basis of the settlement agreement reached before Judge Matthew Kennelly. She further acknowledges that, to facilitate timely payment, she and her attorney, Jeremy L. Friedman, agree that the check may be made out to "Marjorie Friedman Scherr."

I, **MARJORIE FRIEDMAN SCHERR,** acknowledge that this Release sets forth the entire understanding of the parties with respect to the subject matter of this Release. Any modification of this Release shall be effective only if in writing and signed by the party to be charged or otherwise adversely affected thereby.

I, **MARJORIE FRIEDMAN SCHERR,** acknowledge that I have been represented by the Law Office of Jeremy L. Friedman, the Law Office of Julie Friedman Ehlrich and the Law Offices of Robert D. Allison & Associates, licensed attorneys, throughout these proceedings, have executed this Release on the advice and based on the consent of her attorneys, and hereby authorize and instruct said attorneys to perform all acts necessary to carry out the intent and purposes of this agreement.

**DATED:** _____

_____

**MARJORIE FRIEDMAN SCHERR**

DATED: _____     _____

**JEREMY L. FRIEDMAN**
Attorney for Marjorie Friedman Scherr


DATED: _____     _____

**JULIE FRIEDMAN EHRLICH**
Attorney for Marjorie Friedman Scherr


DATED: _____     _____

**STEVEN P. SCHNECK**
On Behalf of Robert D. Allison & Associates


DATED: _____     _____

**SCHUYLER ROCHE CRISHAM, P.C.**
Attorneys for Leo A. Daly, Co.


DATED: _____     _____

**LEO A. DALY, CO.**

# EXHIBIT B

# DEFENDANT'S DRAFT 2 AND EMAIL SENT AT 2:23 pm

Print - Close Window

Subject: Scherr--NEW AMENDED RELEASE.DOCX
From:   Johnson, Ryan T. (rjohnson@srcattorneys.com)
To:     spschneckjazzlaw@yahoo.com; jkubes@srcattorneys.com;
Date:   Wed, 15 Jun 2011 14:23:56

Steve:


Attached is the release you sent me with our changes in Bold and Underlined. As I explained to you on the phone, we are not going to agree to only go to you for indemnification after we have struck out with Jeremy in California, the plaintiff in her 80s and Julie up north who I don't even think practices law full time. The whole basis of putting you on there is because you are right down the street. Further, if you don't trust Jeremy to take care of the liens, why should we? If you would like to explain that to Judge Kennelly feel free. However, I think the understanding this morning was that we need someone close so that we can avoid having to chase down the Friedman family.


Also, I removed LAD from the signature page. We can sign it on their behalf if you want. Having to send the thing to Omaha and wait for it to come back will just take more time.


I trust these changes are acceptable and we can conclude this matter.


Ryan


**Ryan T. Johnson**
Attorney at Law
RJohnson@SRCattorneys.com
312 565.8399 **tel** |312 565.8300**fax**


Schuyler
Roche     | attorneys
Crisham

Schuyler, Roche & Crisham, P.C
One Prudential Plaza, Suite 3800
130 E Randolph Street
Chicago, IL 60601
www.SRCattorneys.com

*DRAFT #2*

## RELEASE AND INDEMNIFICATION AGREEMENT

**THIS IS A COMPLETE AND FINAL RELEASE OF ALL CLAIMS. BY SIGNING THIS DOCUMENT, YOU ARE FOREVER GIVING UP SUBSTANTIAL RIGHTS. FULLY READ AND UNDERSTAND THIS DOCUMENT BEFORE SIGNING. THIS AGREEMENT MAY BE EXECUTED IN PARTS, AND MAY BE RETURNED VIA FACSIMILE.**

I, **MARJORIE FRIEDMAN SCHERR**, in consideration of ONE HUNDRED NINETY THOUSAND AND NO/100 ($190,000) DOLLARS of which is to be paid by or on behalf of LEO A. DALY, CO., do hereby release and forever discharge, on my own behalf and on behalf of my heirs, personal representatives and assigns, LEO A. DALY, CO., and any and all of their insurers, attorneys, claims administrators, divisions, parents, subsidiaries, affiliates, lessors, lessees, successors, predecessors and assigns, together with their respective officers, shareholders, directors, employees, agents, and principals, (hereinafter referred to as "Releasees") from and against any and all claims, demands, liabilities, damages, punitive damages, loss of services, loss of consortium, actions, causes of action, and damages of any kind or nature whatsoever which I now have or may in the future have against them, or any of them, arising from or on account of all personal injury, disability, property damage, wage or income loss, medical expense, loss of consortium, loss or damage of any kind already sustained or that may hereafter be sustained by me, my heirs, personal representatives or assigns, in consequence of a certain incident wherein **MARJORIE FRIEDMAN SCHERR** claims to have sustained injuries as a result of a fall which occurred in the Courtyard by Marriott Kansas City/Overland Park Hotel, in Overland Park, Kansas, on or about the 19th day of March, 2006, and which incident is more particularly described in the lawsuit filed in the Circuit Court of Cook County, and captioned, *Marjorie Friedman Scherr v. Marriott International, Inc.*, Court No. 08 L 62013,

which lawsuit was removed to the United States District Court for the Northern District of Illinois and assigned Court No. 08 CV 2098.

Except as otherwise provided for in this agreement, and without waiver of fees, costs and expenses related to claims under the ADA as set forth in greater detail below, **MARJORIE FRIEDMAN SCHERR** agrees that the dismissal of this action with prejudice will be without an award of attorneys' fees, costs or expenses. She acknowledges that, by payment pursuant to this settlement agreement, released parties make no representation or agreement or take any action which might constitute acquiescence with respect to any recovery of attorneys' fees under the ADA. **MARJORIE FRIEDMAN SCHERR further acknowledges that Leo A. Daly, Co. disputes the plaintiff's entitlement that she would be able to recover attorney's fees, costs or expenses in her ADA lawsuit (10 OV 7384) for any attorney work performed or costs or expenses incurred in the present lawsuit (08 C 2098).**

The foregoing shall not be construed as a release and discharge of the action brought by **MARJORIE FRIEDMAN SCHERR** against **MARRIOTT INTERNATIONAL**, et al., for injuries alleged to have resulted from a fall which occurred in the Courtyard by Marriott Kansas City/Overland Park Hotel, in Overland Park, Kansas, on or about the 19th day of March, 2006, and which incident is more particularly described in the lawsuit filed in the Circuit Court of Cook County, and captioned, *Marjorie Friedman Scherr v. Marriott International, Inc.*, Court No. 08 L 62013, which lawsuit was removed to the United States District Court for the Northern District of Illinois and assigned Court No. 08 CV 2098.

The foregoing shall not be construed as a release and discharge of the action brought by **MARJORIE FRIEDMAN SCHERR** predicated upon an alleged violation of the American with Disabilities Act, and which is more particularly described in the lawsuit filed in

the United States District Court for the Northern District of Illinois and captioned *Marjorie Friedman Scherr v. Marriott International, Inc., et al*., and assigned Court No. 10 CV 7384. In addition, the foregoing shall not be construed as a release of the remedies available to **MARJORIE FRIEDMAN SCHERR** pursuant to that ADA lawsuit, including but not limited to declaratory relief, equitable relief (including injunctive relief), attorneys' fees, costs, or expenses. It is understood that the settlement reached between the parties and dismissal of the pending action as a result of this settlement will not affect or have impact on plaintiff's rights under the ADA. **MARJORIE FRIEDMAN SCHERR** acknowledges that, by payment pursuant to this settlement agreement, released parties make no representation or agreement and take no action which might constitute acquiescence with respect to any recovery of attorneys' fees under the ADA. **MARJORIE FRIEDMAN SCHERR further acknowledges that Leo A. Daly, Co. disputes the plaintiff's entitlement that she would be able to recover attorney's fees, costs or expenses in her ADA lawsuit (10 OV 7384) for any attorney work performed or costs or expenses incurred in the present lawsuit (08 C 2098).**

To procure payment of the aforementioned sum, I, **MARJORIE FRIEDMAN SCHERR**, do hereby declare that I am competent and of the age of majority, that no representation about the nature and extent of any damages, loss or injury made by any attorney or agent of any party hereby released, nor any representations regarding the nature and extent of the legal liability or financial responsibility of any of the parties hereby released have induced me to make this settlement; that in determining said sum, there has been taken into consideration not only the ascertained damages and losses, but also the fact that consequences not now ascertained may result from said occurrence, casualty or event as herein before referenced.

I, **MARJORIE FRIEDMAN SCHERR**, hereby agree that as a further consideration and inducement for this compromise settlement, that this settlement shall apply to all unknown and unanticipated injuries or damages resulting from said accident, casualty or event, as well as to those now disclosed.

I, **MARJORIE FRIEDMAN SCHERR**, understand that the parties hereby released admit no liability of any sort arising from the incident alleged in the pleadings and that said payment is made in settlement and compromise to terminate further controversy respecting all claims for damages that I have heretofore asserted or that I or my personal representative or administrator might hereafter assert because of the aforesaid incident.

**I, MARJORIE FRIEDMAN SCHERR, and her attorneys, Jeremy L. Friedman, Robert D. Allison & Associates and Julie L. Friedman further agree to hold harmless and indemnify "Releasees," from and against any claims, actions, or lawsuits, including attorneys' fees, brought against them by Medicare or any other lienholder, arising from the incident heretofore described.**

I, **MARJORIE FRIEDMAN SCHERR**, and her attorney, Jeremy L. Friedman, further agree that I and my attorney, Jeremy L. Friedman, are responsible for satisfying any and all claims of lien or rights to reimbursement for conditional payments by **Medicare or other lienholders** arising out of treatment for injuries alleged to have occurred as a result of the above-referenced fall.

I, **MARJORIE FRIEDMAN SCHERR,** hereby acknowledge receipt of a copy of this Release and Indemnification Agreement before signing same. It is understood that the provisions of this Release and Indemnification Agreement are contractual and are not merely

recitals, and that I have read the foregoing Release and Indemnification Agreement, understood its terms, and sign this Release and Indemnification Agreement as my voluntary act and deed.

I, **MARJORIE FRIEDMAN SCHERR**, hereby acknowledge that an order dismissing the litigation against the Releasees with prejudice has been entered, and that such dismissal was made upon the basis of the settlement agreement reached before Judge Matthew Kennelly. She further acknowledges that, to facilitate timely payment, she and her attorney, Jeremy L. Friedman, agree that the check may be made out to "Marjorie Friedman Scherr."

I, **MARJORIE FRIEDMAN SCHERR**, acknowledge that this Release sets forth the entire understanding of the parties with respect to the subject matter of this Release. Any modification of this Release shall be effective only if in writing and signed by the party to be charged or otherwise adversely affected thereby.

I, **MARJORIE FRIEDMAN SCHERR**, acknowledge that I have been represented by the Law Office of Jeremy L. Friedman, the Law Office of Julie Friedman Ehlrich and the Law Offices of Robert D. Allison & Associates, licensed attorneys, throughout these proceedings, have executed this Release on the advice and based on the consent of her attorneys, and hereby authorize and instruct said attorneys to perform all acts necessary to carry out the intent and purposes of this agreement.

**DATED:** _____

_____
**MARJORIE FRIEDMAN SCHERR**

DATED: _____ _____
**JEREMY L. FRIEDMAN**
Attorney for Marjorie Friedman Scherr

DATED: _____         _____
                                 **JULIE FRIEDMAN EHRLICH**
                                 Attorney for Marjorie Friedman Scherr


DATED: _____         _____
                                 **STEVEN P. SCHNECK**
                                 On Behalf of Robert D. Allison & Associates


DATED: _____         _____
                                 **SCHUYLER ROCHE CRISHAM, P.C.**
                                 Attorneys for Leo A. Daly, Co.

# EXHIBIT C

# PLAINTIFF'S DRAFT 3 AND EMAIL SENT AT 4:14 pm

Print - Close Window

Subject: Revised proposed release and indemnification agreement (Draft #3) and response to your draft and email
From:   Steve Schneck (spschneckjazzlaw@yahoo.com)
To:     rjohnson@srcattorneys.com;
Cc:     jlfried@comcast.net; jlfehrlich@yahoo.com;
Date:   Wed, 15 Jun 2011 16:14:23

Dear Ryan: As discussed below, we have several concerns with Daly's suggested changes (Draft #2) and the comments in your email (received around 2:23 pm). In addition, attached is our proposed release and indemnification agreement (Draft #3).

First, if the "whole basis of putting [Robert D. Allison & Associates] on there is because [Robert D. Allison & Associates is] right down the street," as you state, we can add one simple provision to alleviate your concerns about where Jeremy and Julie practice and live. Specifically, the release can provide that the Court (Judge Kennelly) will retain jurisdiction for purposes of enforcing the indemnification clause if that becomes necessary. As a result, in the unlikely event that Daly would ever seek indemnification, all it would have to do is file a motion to enforce in this action and Jeremy and Julie would be immediately served by the District Court's electronic filing system. In fact, with this additional provision, there is no longer any basis for us to agree to include Robert D. Allison & Associates in the indemnification clause which, again, was never part of the settlement agreement reached on December 14, 2010. As a result, the attached draft includes a provision for retention of jurisdiction and no longer includes Robert D. Allison & Associates for purposes of potential indemnification.

Second, your proposed changes regarding indemnification now speak of "Medicare or other lienholders." The subject of "additional lienholders" was not discussed before the Court today and was not part of the settlement agreement reached on December 14, 2010. My understanding is that there are no lienholders (including Medicare, which has a right by statute). Thus, there is reason to include this phrase in the proposed release. The attached release does not include it. The only entity of concern on this issue is Medicare.

Third, notwithstanding your suggestion, sending the release to Omaha for your client's signature should not cause any delay. Presumably, you can send and receive the document (currently 6 pages) to and from your client by email and/or fax. In addition, the agreement can provide that facsimile/scanned signatures are acceptable. We want to be sure that the documentation has been reviewed and approved by your client. As a result, your client signature is included in the attached draft along with the provision at the end that "This agreement may be executed by signatures transmitted by facsimile and/or email."

Fourth, you propose twice adding the following sentence "MARJORIE FRIEDMAN SCHERR further acknowledges that Leo A. Daly, Co. disputes the plaintiff's entitlement that she would be able to recover attorney's fees, costs or expenses in her ADA lawsuit (10 OV 7384) for any attorney work performed or costs or expenses incurred in the present lawsuit (08 C 2098)." There is no reason to include this identical sentence twice. In addition, the phrase "plaintiff's entitlement that she would be able to recover" is grammatically incorrect. We assume that you meant to say "... Leo A. Daly, Co. disputes that plaintiff would be entitled to recover ...." In addition, the letters for the case number assigned to the ADA suit in your draft have a typo. We have included your proposed sentence with this slightly amended phrase in the first place where it appears in your draft and with the correct case number and notation that the ADA case is identified below in the agreement.

Finally, your comments about Jeremy, Julie and the Friedman family are not helpful. The

suggestion in your email that I don't trust Jeremy to take care of liens is an incorrect deduction. Likewise, whether or not Julie practices law full time is of no consequence to the release. Furthermore, given that Mrs. Scherr spends significant time in a wheelchair, your comment about chasing down the Friedman family is (perhaps unintentionally) offensive.
We look forward to your response.

Steve Schneck

*DRAFT # 3*

## RELEASE AND INDEMNIFICATION AGREEMENT

**THIS IS A COMPLETE AND FINAL RELEASE OF ALL CLAIMS. BY SIGNING THIS DOCUMENT, YOU ARE FOREVER GIVING UP SUBSTANTIAL RIGHTS. FULLY READ AND UNDERSTAND THIS DOCUMENT BEFORE SIGNING. THIS AGREEMENT MAY BE EXECUTED IN PARTS, AND MAY BE RETURNED VIA FACSIMILE.**

I, **MARJORIE FRIEDMAN SCHERR**, in consideration of ONE HUNDRED NINETY THOUSAND AND NO/100 ($190,000) DOLLARS of which is to be paid by or on behalf of LEO A. DALY, CO., do hereby release and forever discharge, on my own behalf and on behalf of my heirs, personal representatives and assigns, LEO A. DALY, CO., and any and all of their insurers, attorneys, claims administrators, divisions, parents, subsidiaries, affiliates, lessors, lessees, successors, predecessors and assigns, together with their respective officers, shareholders, directors, employees, agents, and principals, (hereinafter referred to as "Releasees") from and against any and all claims, demands, liabilities, damages, punitive damages, loss of services, loss of consortium, actions, causes of action, and damages of any kind or nature whatsoever which I now have or may in the future have against them, or any of them, arising from or on account of all personal injury, disability, property damage, wage or income loss, medical expense, loss of consortium, loss or damage of any kind already sustained or that may hereafter be sustained by me, my heirs, personal representatives or assigns, in consequence of a certain incident wherein **MARJORIE FRIEDMAN SCHERR** claims to have sustained injuries as a result of a fall which occurred in the Courtyard by Marriott Kansas City/Overland Park Hotel, in Overland Park, Kansas, on or about the 19th day of March, 2006, and which incident is more particularly described in the lawsuit filed in the Circuit Court of Cook County, and captioned, *Marjorie Friedman Scherr v. Marriott International, Inc.*, Court No. 08 L 62013,

which lawsuit was removed to the United States District Court for the Northern District of Illinois and assigned Court No. 08 CV 2098.

Except as otherwise provided for in this agreement, and without waiver of fees, costs and expenses related to claims under the ADA as set forth in greater detail below, **MARJORIE FRIEDMAN SCHERR** agrees that the dismissal of this action with prejudice will be without an award of attorneys' fees, costs or expenses. She further acknowledges that, by payment pursuant to this settlement agreement, released parties make no representation or agreement or take any action which might constitute acquiescence with respect to any recovery of attorneys' fees under the ADA. **MARJORIE FRIEDMAN SCHERR** further acknowledges that Leo A. Daly, Co. disputes that plaintiff would be entitled to recover attorney's fees, costs or expenses in her ADA lawsuit (No. 10 CV 7384, identified below) for any attorney work performed or costs or expenses incurred in the present lawsuit (No. 08 CV 2098).

The foregoing shall not be construed as a release and discharge of the action brought by **MARJORIE FRIEDMAN SCHERR** against **MARRIOTT INTERNATIONAL**, et al., for injuries alleged to have resulted from a fall which occurred in the Courtyard by Marriott Kansas City/Overland Park Hotel, in Overland Park, Kansas, on or about the 19th day of March, 2006, and which incident is more particularly described in the lawsuit filed in the Circuit Court of Cook County, and captioned, *Marjorie Friedman Scherr v. Marriott International, Inc.*, Court No. 08 L 62013, which lawsuit was removed to the United States District Court for the Northern District of Illinois and assigned Court No. 08 CV 2098.

The foregoing shall not be construed as a release and discharge of the action brought by **MARJORIE FRIEDMAN SCHERR** predicated upon an alleged violation of the American with Disabilities Act, and which is more particularly described in the lawsuit filed in

the United States District Court for the Northern District of Illinois and captioned *Marjorie Friedman Scherr v. Marriott International, Inc., et al.*, and assigned Court No. 10 CV 7384. In addition, the foregoing shall not be construed as a release of the remedies available to **MARJORIE FRIEDMAN SCHERR** pursuant to that ADA lawsuit, including but not limited to declaratory relief, equitable relief (including injunctive relief), attorneys' fees, costs, or expenses. It is understood that the settlement reached between the parties and dismissal of the pending action as a result of this settlement will not affect or have impact on plaintiff's rights under the ADA. **MARJORIE FRIEDMAN SCHERR** further acknowledges that, by payment pursuant to this settlement agreement, released parties make no representation or agreement and take no action which might constitute acquiescence with respect to any recovery of attorneys' fees under the ADA.

To procure payment of the aforementioned sum, I, **MARJORIE FRIEDMAN SCHERR**, do hereby declare that I am competent and of the age of majority, that no representation about the nature and extent of any damages, loss or injury made by any attorney or agent of any party hereby released, nor any representations regarding the nature and extent of the legal liability or financial responsibility of any of the parties hereby released have induced me to make this settlement; that in determining said sum, there has been taken into consideration not only the ascertained damages and losses, but also the fact that consequences not now ascertained may result from said occurrence, casualty or event as herein before referenced.

I, **MARJORIE FRIEDMAN SCHERR**, hereby agree that as a further consideration and inducement for this compromise settlement, that this settlement shall apply to all unknown and unanticipated injuries or damages resulting from said accident, casualty or event, as well as to those now disclosed.

I, **MARJORIE FRIEDMAN SCHERR**, understand that the parties hereby released admit no liability of any sort arising from the incident alleged in the pleadings and that said payment is made in settlement and compromise to terminate further controversy respecting all claims for damages that I have heretofore asserted or that I or my personal representative or administrator might hereafter assert because of the aforesaid incident.

I, **MARJORIE FRIEDMAN SCHERR**, and her attorney, Jeremy L. Friedman, further agree to hold harmless and indemnify "Releasees," from and against any claims, actions, or lawsuits, including attorneys' fees, brought against them by Medicare, arising from the incident heretofore described. In the event that any claims, actions, or lawsuits, including attorneys' fees, are brought against Releasees by Medicare, arising from the incident heretofore described and Releasees make reasonable attempts to seek indemnification from Jeremy L. Friedman and Marjorie Friedman Scherr for said amounts but are unsuccessful, Releasees may then seek indemnification from Julie Friedman Ehrlich, attorney for Marjorie Friedman Scherr, for said amounts. The Court will retain jurisdiction for purposes of enforcing this agreement, including this indemnification provision. As a result, in the event that indemnification is appropriate, service would be effectuated through the District Court's electronic filing system by filing a motion to enforce.

I, **MARJORIE FRIEDMAN SCHERR**, and her attorney, Jeremy L. Friedman, further agree that I and my attorney, Jeremy L. Friedman, are responsible for satisfying any and all claims of lien or rights to reimbursement for conditional payments by Medicare arising out of treatment for injuries alleged to have occurred as a result of the above-referenced fall.

I, **MARJORIE FRIEDMAN SCHERR,** hereby acknowledge receipt of a copy of this Release and Indemnification Agreement before signing same. It is understood that the

provisions of this Release and Indemnification Agreement are contractual and are not merely recitals, and that I have read the foregoing Release and Indemnification Agreement, understood its terms, and sign this Release and Indemnification Agreement as my voluntary act and deed.

I, **MARJORIE FRIEDMAN SCHERR**, hereby acknowledge that an order dismissing the litigation against the Releasees with prejudice has been entered, and that such dismissal was made upon the basis of the settlement agreement reached before Judge Matthew Kennelly. She further acknowledges that, to facilitate timely payment, she and her attorney, Jeremy L. Friedman, agree that the check may be made out to "Marjorie Friedman Scherr."

I, **MARJORIE FRIEDMAN SCHERR**, acknowledge that this Release sets forth the entire understanding of the parties with respect to the subject matter of this Release. Any modification of this Release shall be effective only if in writing and signed by the party to be charged or otherwise adversely affected thereby.

I, **MARJORIE FRIEDMAN SCHERR**, acknowledge that I have been represented by the Law Office of Jeremy L. Friedman, the Law Office of Julie Friedman Ehlrich and the Law Offices of Robert D. Allison & Associates, licensed attorneys, throughout these proceedings, have executed this Release on the advice and based on the consent of her attorneys, and hereby authorize and instruct said attorneys to perform all acts necessary to carry out the intent and purposes of this agreement.

This agreement may be executed by signatures transmitted by facsimile and/or email.

**DATED:** _____

_____

**MARJORIE FRIEDMAN SCHERR**

DATED: _____        _____

**JEREMY L. FRIEDMAN**
Attorney for Marjorie Friedman Scherr


DATED: _____        _____

**JULIE FRIEDMAN EHRLICH**
Attorney for Marjorie Friedman Scherr


DATED: _____        _____

**STEVEN P. SCHNECK**
On Behalf of Robert D. Allison & Associates


DATED: _____        _____

**SCHUYLER ROCHE CRISHAM, P.C.**
Attorneys for Leo A. Daly, Co.


DATED: _____        _____

**LEO A. DALY, CO.**

# EXHIBIT D

# DEFENDANT'S DRAFT 4 AND EMAILS SENT AT 4:29 AND 5:13 pm

Print - Close Window

Subject: RE: Revised proposed release and indemnification agreement (Draft #3) and response to your draft and email
From:    Johnson, Ryan T. (rjohnson@srcattorneys.com)
To:      spschneckjazzlaw@yahoo.com;
Cc:      jlfried@comcast.net; jlfehrlich@yahoo.com; jkubes@srcattorneys.com;
Date:    Wed, 15 Jun 2011 16:29:30

Steve:


Given some of your prior conduct in this matter, I guess I should not be surprised at the ridiculous and personally offensive comment you have included towards the end of this email with respect to the plaintiff. You should actually be embarrassed of yourself.


As you the remainder of your email. I will send you another copy of our release, which will have the changes we agree to. You can explain to Judge Kennelly in the morning why you agreed to be included in the indemnification agreement this morning, but now are backing out of that deal. Further, the Judge noted that we discussed indemnification from lienholders was a common issue in personal injury cases and thus that is the language we have included. Again, if the plaintiff thinks that she should not be responsible for her liens, the plaintiff can explain that issue to judge Kennelly. As to our "repetitive" language, that is our prerogative. I have lost count how many times the plaintiff has referenced the fact that she is not waiving attorney fees in the ADA case.


Ryan


Ryan T. Johnson
**Schuyler, Roche & Crisham, P.C.**
RJohnson@SRCattorneys.com
312 565.8399 TEL | 312 565.8300 FAX

---

**From:** Steve Schneck [mailto:spschneckjazzlaw@yahoo.com]
**Sent:** Wednesday, June 15, 2011 4:14 PM
**To:** Johnson, Ryan T.
**Cc:** Jeremy; Julie Ehrlich
**Subject:** Revised proposed release and indemnification agreement (Draft #3) and response to your draft and email


Dear Ryan: As discussed below, we have several concerns with Daly's suggested changes (Draft #2) and the comments in your email (received around 2:23 pm). In addition, attached is our proposed release and indemnification agreement (Draft #3).

First, if the "whole basis of putting [Robert D. Allison & Associates] on there is because [Robert D.

Print - Close Window

Subject: Scherr--NEW AMENDED RELEASE.DOCX
From:    Johnson, Ryan T. (rjohnson@srcattorneys.com)
To:      spschneckjazzlaw@yahoo.com;
Cc:      jkubes@srcattorneys.com; jlfried@comcast.net; jlfehrlich@yahoo.com;
Date:    Wed, 15 Jun 2011 17:13:35

Attached is the settlement agreement LAD will agree to. I corrected the lettering for the case number and made a slight change to the wording of our additional language regarding the attorney fee issue.

The rest of the release remains the same including the indemnity issue which was agreed to in Court this morning. If Steve wants to tell the Judge that the reason we cannot all sign off on this release is because he is backing out of the deal, so be it. The same thing goes for your objections to the language concerning Medicare and other liens. If there are no other liens as you say, then there should not be any concern for you. If there are other liens, why the plaintiff's attorneys think the defendant should be responsible for them is beyond me.

If you really want a representative from LAD to sign the release, we will accommodate that wish. Note that we never agreed to this, but we are trying to work with you guys. However, given the number of people, we will need it to be done in ink and not by fax so we don't end up with 6 copies of the same release.

There is absolutely nothing wrong with this release. It says everything the plaintiff wants it to say and most of what the defendant wants it to say. Arguing about standard issues such as indemnity for liens has grown extremely tiresome. Further, that is an issue entirely within the plaintiff's control. If you intend to pay off your liens, then you should have absolutely no hesitation about executing the attached release. I ask that you do so in order to (finally) dispose of this case.

As for the morning, given that it is plaintiff's motion, I will leave it up to one of you to call me in the morning to speak with the Judge.

Ryan

PS—If Steve's law firm has a problem with the indemnity issue, I would suggest Jeremy sign an agreement to indemnify Steve's firm if the situation ever required. That was briefly discussed this morning before Judge Kennelly as a solution to any hesitation on Steve or his firm's part.

*DRAFT #4*

## RELEASE AND INDEMNIFICATION AGREEMENT

**THIS IS A COMPLETE AND FINAL RELEASE OF ALL CLAIMS. BY SIGNING THIS DOCUMENT, YOU ARE FOREVER GIVING UP SUBSTANTIAL RIGHTS. FULLY READ AND UNDERSTAND THIS DOCUMENT BEFORE SIGNING. THIS AGREEMENT MAY BE EXECUTED IN PARTS, AND MAY BE RETURNED VIA FACSIMILE.**

I, **MARJORIE FRIEDMAN SCHERR**, in consideration of ONE HUNDRED NINETY THOUSAND AND NO/100 ($190,000) DOLLARS of which is to be paid by or on behalf of LEO A. DALY, CO., do hereby release and forever discharge, on my own behalf and on behalf of my heirs, personal representatives and assigns, LEO A. DALY, CO., and any and all of their insurers, attorneys, claims administrators, divisions, parents, subsidiaries, affiliates, lessors, lessees, successors, predecessors and assigns, together with their respective officers, shareholders, directors, employees, agents, and principals, (hereinafter referred to as "Releasees") from and against any and all claims, demands, liabilities, damages, punitive damages, loss of services, loss of consortium, actions, causes of action, and damages of any kind or nature whatsoever which I now have or may in the future have against them, or any of them, arising from or on account of all personal injury, disability, property damage, wage or income loss, medical expense, loss of consortium, loss or damage of any kind already sustained or that may hereafter be sustained by me, my heirs, personal representatives or assigns, in consequence of a certain incident wherein **MARJORIE FRIEDMAN SCHERR** claims to have sustained injuries as a result of a fall which occurred in the Courtyard by Marriott Kansas City/Overland Park Hotel, in Overland Park, Kansas, on or about the 19th day of March, 2006, and which incident is more particularly described in the lawsuit filed in the Circuit Court of Cook County, and captioned, *Marjorie Friedman Scherr v. Marriott International, Inc.*, Court No. 08 L 62013,

which lawsuit was removed to the United States District Court for the Northern District of Illinois and assigned Court No. 08 CV 2098.

Except as otherwise provided for in this agreement, and without waiver of fees, costs and expenses related to claims under the ADA as set forth in greater detail below, **MARJORIE FRIEDMAN SCHERR** agrees that the dismissal of this action with prejudice will be without an award of attorneys' fees, costs or expenses. She acknowledges that, by payment pursuant to this settlement agreement, released parties make no representation or agreement or take any action which might constitute acquiescence with respect to any recovery of attorneys' fees under the ADA. **MARJORIE FRIEDMAN SCHERR further acknowledges that Leo A. Daly, Co. disputes any claim by the plaintiff that she is entitled to recover attorney's fees, costs or expenses in her ADA lawsuit (10 CV 7384) for any attorney work performed or costs or expenses incurred in the present lawsuit (08 CV 2098).**

The foregoing shall not be construed as a release and discharge of the action brought by **MARJORIE FRIEDMAN SCHERR** against **MARRIOTT INTERNATIONAL,** et al., for injuries alleged to have resulted from a fall which occurred in the Courtyard by Marriott Kansas City/Overland Park Hotel, in Overland Park, Kansas, on or about the 19th day of March, 2006, and which incident is more particularly described in the lawsuit filed in the Circuit Court of Cook County, and captioned, *Marjorie Friedman Scherr v. Marriott International, Inc.*, Court No. 08 L 62013, which lawsuit was removed to the United States District Court for the Northern District of Illinois and assigned Court No. 08 CV 2098.

The foregoing shall not be construed as a release and discharge of the action brought by **MARJORIE FRIEDMAN SCHERR** predicated upon an alleged violation of the American with Disabilities Act, and which is more particularly described in the lawsuit filed in

the United States District Court for the Northern District of Illinois and captioned *Marjorie Friedman Scherr v. Marriott International, Inc., et al.*, and assigned Court No. 10 CV 7384. In addition, the foregoing shall not be construed as a release of the remedies available to **MARJORIE FRIEDMAN SCHERR** pursuant to that ADA lawsuit, including but not limited to declaratory relief, equitable relief (including injunctive relief), attorneys' fees, costs, or expenses. It is understood that the settlement reached between the parties and dismissal of the pending action as a result of this settlement will not affect or have impact on plaintiff's rights under the ADA. **MARJORIE FRIEDMAN SCHERR** acknowledges that, by payment pursuant to this settlement agreement, released parties make no representation or agreement and take no action which might constitute acquiescence with respect to any recovery of attorneys' fees under the ADA. **MARJORIE FRIEDMAN SCHERR further acknowledges that Leo A. Daly, Co. disputes any claim by the plaintiff that she is entitled to recover attorney's fees, costs or expenses in her ADA lawsuit (10 CV 7384) for any attorney work performed or costs or expenses incurred in the present lawsuit (08 CV 2098).**

To procure payment of the aforementioned sum, I, **MARJORIE FRIEDMAN SCHERR**, do hereby declare that I am competent and of the age of majority, that no representation about the nature and extent of any damages, loss or injury made by any attorney or agent of any party hereby released, nor any representations regarding the nature and extent of the legal liability or financial responsibility of any of the parties hereby released have induced me to make this settlement; that in determining said sum, there has been taken into consideration not only the ascertained damages and losses, but also the fact that consequences not now ascertained may result from said occurrence, casualty or event as herein before referenced.

I, **MARJORIE FRIEDMAN SCHERR**, hereby agree that as a further consideration and inducement for this compromise settlement, that this settlement shall apply to all unknown and unanticipated injuries or damages resulting from said accident, casualty or event, as well as to those now disclosed.

I, **MARJORIE FRIEDMAN SCHERR**, understand that the parties hereby released admit no liability of any sort arising from the incident alleged in the pleadings and that said payment is made in settlement and compromise to terminate further controversy respecting all claims for damages that I have heretofore asserted or that I or my personal representative or administrator might hereafter assert because of the aforesaid incident.

**I, MARJORIE FRIEDMAN SCHERR, and her attorneys, Jeremy L. Friedman, Robert D. Allison & Associates and Julie L. Friedman further agree to hold harmless and indemnify "Releasees," from and against any claims, actions, or lawsuits, including attorneys' fees, brought against them by Medicare or any other lienholder, arising from the incident heretofore described.**

I, **MARJORIE FRIEDMAN SCHERR**, and her attorney, Jeremy L. Friedman, further agree that I and my attorney, Jeremy L. Friedman, are responsible for satisfying any and all claims of lien or rights to reimbursement for conditional payments by **Medicare or other lienholders** arising out of treatment for injuries alleged to have occurred as a result of the above-referenced fall.

I, **MARJORIE FRIEDMAN SCHERR**, hereby acknowledge receipt of a copy of this Release and Indemnification Agreement before signing same. It is understood that the provisions of this Release and Indemnification Agreement are contractual and are not merely

recitals, and that I have read the foregoing Release and Indemnification Agreement, understood its terms, and sign this Release and Indemnification Agreement as my voluntary act and deed.

I, **MARJORIE FRIEDMAN SCHERR**, hereby acknowledge that an order dismissing the litigation against the Releasees with prejudice has been entered, and that such dismissal was made upon the basis of the settlement agreement reached before Judge Matthew Kennelly. She further acknowledges that, to facilitate timely payment, she and her attorney, Jeremy L. Friedman, agree that the check may be made out to "Marjorie Friedman Scherr."

I, **MARJORIE FRIEDMAN SCHERR**, acknowledge that this Release sets forth the entire understanding of the parties with respect to the subject matter of this Release. Any modification of this Release shall be effective only if in writing and signed by the party to be charged or otherwise adversely affected thereby.

I, **MARJORIE FRIEDMAN SCHERR**, acknowledge that I have been represented by the Law Office of Jeremy L. Friedman, the Law Office of Julie Friedman Ehlrich and the Law Offices of Robert D. Allison & Associates, licensed attorneys, throughout these proceedings, have executed this Release on the advice and based on the consent of her attorneys, and hereby authorize and instruct said attorneys to perform all acts necessary to carry out the intent and purposes of this agreement.

**DATED:** _____

_____
**MARJORIE FRIEDMAN SCHERR**

DATED: _____     _____
**JEREMY L. FRIEDMAN**
Attorney for Marjorie Friedman Scherr

DATED: _____        _____

                               **JULIE FRIEDMAN EHRLICH**
                               Attorney for Marjorie Friedman Scherr

DATED: _____        _____

                               **STEVEN P. SCHNECK**
                               On Behalf of Robert D. Allison & Associates

DATED: _____        _____

                               **SCHUYLER ROCHE CRISHAM, P.C.**
                               Attorneys for Leo A. Daly, Co.

DATED: _____        _____

                               **LEO A. DALY, CO.**

# EXHIBIT E

# PLAINTIFF'S DRAFT 5 AND EMAILS SENT AT 5:30 AND 5:38 pm

Print - Close Window

Subject: Revised proposed Release and Indemnification agreement (Draft #5) and response to your 4:29pm email
From:    Steve Schneck (spschneckjazzlaw@yahoo.com)
To:      rjohnson@srcattorneys.com;
Cc:      jlfried@comcast.net; jlfehrlich@yahoo.com;
Date:    Wed, 15 Jun 2011 17:30:41

Dear Ryan:
I am writing in response to the substantive portions of your email received at 4:29pm and attaching a revised draft (#5). (I just saw your email received at 5:13pm but I have not yet looked at the draft (#4) you attached.)
First, while we continue to believe that there is no basis for including a reference to "other lienholders," in order to resolve this issue, we will agree to include this phrase where it appears to be appropriate in the draft we submitted (Draft #3). However, and we assume this makes no difference to you, we will include "of Marjorie Friedman Scherr" after the word "lienholders."
Second, your recent email says nothing in response to our suggestion that the Court retain jurisdiction in order to address your concerns about seeking indemnification against Jeremy or Julie. Nevertheless, in order to resolve this issue, we will agree to include Robert D. Allison & Associates for indemnification with respect to Medicare (not other potential lienholders) but only after reasonable efforts seeking indemnification from Jeremy and/or Julie are unsuccessful as initially suggested (Draft #1). The attached proposed draft also allows Daly to seek indemnification from Jeremy, Julie and Mrs. Scherr simultaneously and includes the retention of jurisdiction clause. All of these provisions, while not part of the settlement agreement reached on December 14, 2010, are more than reasonable under the circumstances.
Third, we will agree to include the additional release sentence twice, although that seems unnecessary.
Attached is a revised draft (#5) incorporating the above and retaining the other provisions in our prior draft (#3) to which your email did not respond.

We look forward to your response.

Steve Schneck

Print - Close Window

Subject:Review of your draft (#4) regarding slight change in attorney fee sentence
From:   Steve Schneck (spschneckjazzlaw@yahoo.com)
To:     rjohnson@srcattorneys.com;
Cc:     jlfried@comcast.net; jlfehrlich@yahoo.com;
Date:   Wed, 15 Jun 2011 17:38:24


Ryan, I have now taken a look at your most recent draft (#4) regarding the slight change in
your proposed language in the attorney fee sentence ("MARJORIE FRIEDMAN SCHERR
further acknowledges that Leo A. Daly, Co. disputes any claim by the plaintiff that she is
entitled to ....") We have no objection to your modification.

Steve Schneck

*ORAFT #45*

## RELEASE AND INDEMNIFICATION AGREEMENT

**THIS IS A COMPLETE AND FINAL RELEASE OF ALL CLAIMS. BY SIGNING THIS DOCUMENT, YOU ARE FOREVER GIVING UP SUBSTANTIAL RIGHTS. FULLY READ AND UNDERSTAND THIS DOCUMENT BEFORE SIGNING. THIS AGREEMENT MAY BE EXECUTED IN PARTS, AND MAY BE RETURNED VIA FACSIMILE.**

I, **MARJORIE FRIEDMAN SCHERR**, in consideration of ONE HUNDRED NINETY THOUSAND AND NO/100 ($190,000) DOLLARS of which is to be paid by or on behalf of LEO A. DALY, CO., do hereby release and forever discharge, on my own behalf and on behalf of my heirs, personal representatives and assigns, LEO A. DALY, CO., and any and all of their insurers, attorneys, claims administrators, divisions, parents, subsidiaries, affiliates, lessors, lessees, successors, predecessors and assigns, together with their respective officers, shareholders, directors, employees, agents, and principals, (hereinafter referred to as "Releasees") from and against any and all claims, demands, liabilities, damages, punitive damages, loss of services, loss of consortium, actions, causes of action, and damages of any kind or nature whatsoever which I now have or may in the future have against them, or any of them, arising from or on account of all personal injury, disability, property damage, wage or income loss, medical expense, loss of consortium, loss or damage of any kind already sustained or that may hereafter be sustained by me, my heirs, personal representatives or assigns, in consequence of a certain incident wherein **MARJORIE FRIEDMAN SCHERR** claims to have sustained injuries as a result of a fall which occurred in the Courtyard by Marriott Kansas City/Overland Park Hotel, in Overland Park, Kansas, on or about the 19th day of March, 2006, and which incident is more particularly described in the lawsuit filed in the Circuit Court of Cook County, and captioned, *Marjorie Friedman Scherr v. Marriott International, Inc.*, Court No. 08 L 62013,

which lawsuit was removed to the United States District Court for the Northern District of Illinois and assigned Court No. 08 CV 2098.

Except as otherwise provided for in this agreement, and without waiver of fees, costs and expenses related to claims under the ADA as set forth in greater detail below, **MARJORIE FRIEDMAN SCHERR** agrees that the dismissal of this action with prejudice will be without an award of attorneys' fees, costs or expenses. She further acknowledges that, by payment pursuant to this settlement agreement, released parties make no representation or agreement or take any action which might constitute acquiescence with respect to any recovery of attorneys' fees under the ADA. **MARJORIE FRIEDMAN SCHERR** further acknowledges that Leo A. Daly, Co. disputes that plaintiff would be entitled to recover attorney's fees, costs or expenses in her ADA lawsuit (No. 10 CV 7384, identified below) for any attorney work performed or costs or expenses incurred in the present lawsuit (No. 08 CV 2098).

The foregoing shall not be construed as a release and discharge of the action brought by **MARJORIE FRIEDMAN SCHERR** against **MARRIOTT INTERNATIONAL**, et al., for injuries alleged to have resulted from a fall which occurred in the Courtyard by Marriott Kansas City/Overland Park Hotel, in Overland Park, Kansas, on or about the 19th day of March, 2006, and which incident is more particularly described in the lawsuit filed in the Circuit Court of Cook County, and captioned, *Marjorie Friedman Scherr v. Marriott International, Inc.*, Court No. 08 L 62013, which lawsuit was removed to the United States District Court for the Northern District of Illinois and assigned Court No. 08 CV 2098.

The foregoing shall not be construed as a release and discharge of the action brought by **MARJORIE FRIEDMAN SCHERR** predicated upon an alleged violation of the American with Disabilities Act, and which is more particularly described in the lawsuit filed in

the United States District Court for the Northern District of Illinois and captioned *Marjorie Friedman Scherr v. Marriott International, Inc., et al.*, and assigned Court No. 10 CV 7384. In addition, the foregoing shall not be construed as a release of the remedies available to **MARJORIE FRIEDMAN SCHERR** pursuant to that ADA lawsuit, including but not limited to declaratory relief, equitable relief (including injunctive relief), attorneys' fees, costs, or expenses. It is understood that the settlement reached between the parties and dismissal of the pending action as a result of this settlement will not affect or have impact on plaintiff's rights under the ADA. **MARJORIE FRIEDMAN SCHERR** further acknowledges that, by payment pursuant to this settlement agreement, released parties make no representation or agreement and take no action which might constitute acquiescence with respect to any recovery of attorneys' fees under the ADA. **MARJORIE FRIEDMAN SCHERR** further acknowledges that Leo A. Daly, Co. disputes that plaintiff would be entitled to recover attorney's fees, costs or expenses in her ADA lawsuit (No. 10 CV 7384, identified below) for any attorney work performed or costs or expenses incurred in the present lawsuit (No. 08 CV 2098).

To procure payment of the aforementioned sum, I, **MARJORIE FRIEDMAN SCHERR**, do hereby declare that I am competent and of the age of majority, that no representation about the nature and extent of any damages, loss or injury made by any attorney or agent of any party hereby released, nor any representations regarding the nature and extent of the legal liability or financial responsibility of any of the parties hereby released have induced me to make this settlement; that in determining said sum, there has been taken into consideration not only the ascertained damages and losses, but also the fact that consequences not now ascertained may result from said occurrence, casualty or event as herein before referenced.

I, **MARJORIE FRIEDMAN SCHERR**, hereby agree that as a further consideration and inducement for this compromise settlement, that this settlement shall apply to all unknown and unanticipated injuries or damages resulting from said accident, casualty or event, as well as to those now disclosed.

I, **MARJORIE FRIEDMAN SCHERR**, understand that the parties hereby released admit no liability of any sort arising from the incident alleged in the pleadings and that said payment is made in settlement and compromise to terminate further controversy respecting all claims for damages that I have heretofore asserted or that I or my personal representative or administrator might hereafter assert because of the aforesaid incident.

I, **MARJORIE FRIEDMAN SCHERR**, and her attorneys, Jeremy L. Friedman and Julie Friedman Ehrlich, further agree to hold harmless and indemnify "Releasees," from and against any claims, actions, or lawsuits, including attorneys' fees, brought against them by Medicare or any lienholders of Marjorie Friedman Scherr, arising from the incident heretofore described.  In the event that any claims, actions, or lawsuits, including attorneys' fees, are brought against Releasees by Medicare, arising from the incident heretofore described and Releasees make reasonable attempts to seek indemnification from Jeremy L. Friedman, Julie Friedman Ehrlich and Marjorie Friedman Scherr for said amounts but are unsuccessful, Releasees may then seek indemnification from Robert D. Allison & Associates, attorney for Marjorie Friedman Scherr, for said amounts from Medicare (but not any other lienholders). Under no circumstances may Releasees seek indemnification from Robert D. Allison & Associates for said amounts sought from Medicare without first making reasonable attempts to seek indemnification from Jeremy L. Friedman, Julie Friedman Ehrlich and Marjorie Friedman Scherr for said amounts.

The Court will retain jurisdiction for purposes of enforcing this agreement, including the indemnification provisions. As a result, in the event that indemnification is appropriate, service would be effectuated through the District Court's electronic filing system by filing a motion to enforce.

I, **MARJORIE FRIEDMAN SCHERR**, and her attorney, Jeremy L. Friedman, further agree that I and my attorney, Jeremy L. Friedman, are responsible for satisfying any and all claims of lien or rights to reimbursement for conditional payments by Medicare or other lienholders of Marjorie Friedman Scherr arising out of treatment for injuries alleged to have occurred as a result of the above-referenced fall.

I, **MARJORIE FRIEDMAN SCHERR,** hereby acknowledge receipt of a copy of this Release and Indemnification Agreement before signing same. It is understood that the provisions of this Release and Indemnification Agreement are contractual and are not merely recitals, and that I have read the foregoing Release and Indemnification Agreement, understood its terms, and sign this Release and Indemnification Agreement as my voluntary act and deed.

I, **MARJORIE FRIEDMAN SCHERR**, hereby acknowledge that an order dismissing the litigation against the Releasees with prejudice has been entered, and that such dismissal was made upon the basis of the settlement agreement reached before Judge Matthew Kennelly. She further acknowledges that, to facilitate timely payment, she and her attorney, Jeremy L. Friedman, agree that the check may be made out to "Marjorie Friedman Scherr."

I, **MARJORIE FRIEDMAN SCHERR**, acknowledge that this Release sets forth the entire understanding of the parties with respect to the subject matter of this Release. Any modification of this Release shall be effective only if in writing and signed by the party to be charged or otherwise adversely affected thereby.

I, **MARJORIE FRIEDMAN SCHERR**, acknowledge that I have been represented by the Law Office of Jeremy L. Friedman, the Law Office of Julie Friedman Ehlrich and the Law Offices of Robert D. Allison & Associates, licensed attorneys, throughout these proceedings, have executed this Release on the advice and based on the consent of her attorneys, and hereby authorize and instruct said attorneys to perform all acts necessary to carry out the intent and purposes of this agreement.

This agreement may be executed by signatures transmitted by facsimile and/or email.

**DATED:** _____

_____
**MARJORIE FRIEDMAN SCHERR**

DATED: _____

_____
**JEREMY L. FRIEDMAN**
Attorney for Marjorie Friedman Scherr

DATED: _____

_____
**JULIE FRIEDMAN EHRLICH**
Attorney for Marjorie Friedman Scherr

DATED: _____

_____
**STEVEN P. SCHNECK**
On Behalf of Robert D. Allison & Associates

DATED: _____

_____
**SCHUYLER ROCHE CRISHAM, P.C.**
Attorneys for Leo A. Daly, Co.

DATED: _____          _____

                                      **LEO A. DALY, CO.**

# EXHIBIT F

# DEFENDANT'S DRAFT 6 AND EMAIL SENT AT 5:41 pm

Print - Close Window

Subject: Scherr--NEW AMENDED RELEASE.DOCX
From:    Johnson, Ryan T. (rjohnson@srcattorneys.com)
To:      spschneckjazzlaw@yahoo.com;
Cc:      jlfried@comcast.net; jlfehrlich@yahoo.com;
Date:    Wed, 15 Jun 2011 17:41:52


I have seen your email about adding in the "lienholders of Marjorie….." language and included it in our release attached hereto as you requested.


We will not agree to alter the indemnity language regarding your firm that we have contained in our draft. That appears to be the sticking point for you and I would remind you of what Judge Kennelly said this morning—Have Jeremy execute a separate indemnity agreement for your firm if the situation should so arise. That should alleviate all your problems and leave us with a release ready to be signed by all parties. I am glad we could work this out.


Ryan


**Ryan T. Johnson**
Attorney at Law
RJohnson@SRCattorneys.com
312.565.8399 tel |312.565.8300 fax


Schuyler
Roche    | attorneys
Crisham  |

**Schuyler, Roche & Crisham, P.C**
One Prudential Plaza, Suite 3800
130 E Randolph Street
Chicago, IL 60601
www.SRCattorneys.com

DRAFT #6

## RELEASE AND INDEMNIFICATION AGREEMENT

**THIS IS A COMPLETE AND FINAL RELEASE OF ALL CLAIMS. BY SIGNING THIS DOCUMENT, YOU ARE FOREVER GIVING UP SUBSTANTIAL RIGHTS. FULLY READ AND UNDERSTAND THIS DOCUMENT BEFORE SIGNING. THIS AGREEMENT MAY BE EXECUTED IN PARTS, AND MAY BE RETURNED VIA FACSIMILE.**

I, **MARJORIE FRIEDMAN SCHERR**, in consideration of ONE HUNDRED NINETY THOUSAND AND NO/100 ($190,000) DOLLARS of which is to be paid by or on behalf of LEO A. DALY, CO., do hereby release and forever discharge, on my own behalf and on behalf of my heirs, personal representatives and assigns, LEO A. DALY, CO., and any and all of their insurers, attorneys, claims administrators, divisions, parents, subsidiaries, affiliates, lessors, lessees, successors, predecessors and assigns, together with their respective officers, shareholders, directors, employees, agents, and principals, (hereinafter referred to as "Releasees") from and against any and all claims, demands, liabilities, damages, punitive damages, loss of services, loss of consortium, actions, causes of action, and damages of any kind or nature whatsoever which I now have or may in the future have against them, or any of them, arising from or on account of all personal injury, disability, property damage, wage or income loss, medical expense, loss of consortium, loss or damage of any kind already sustained or that may hereafter be sustained by me, my heirs, personal representatives or assigns, in consequence of a certain incident wherein **MARJORIE FRIEDMAN SCHERR** claims to have sustained injuries as a result of a fall which occurred in the Courtyard by Marriott Kansas City/Overland Park Hotel, in Overland Park, Kansas, on or about the 19th day of March, 2006, and which incident is more particularly described in the lawsuit filed in the Circuit Court of Cook County, and captioned, *Marjorie Friedman Scherr v. Marriott International, Inc.*, Court No. 08 L 62013,

which lawsuit was removed to the United States District Court for the Northern District of Illinois and assigned Court No. 08 CV 2098.

Except as otherwise provided for in this agreement, and without waiver of fees, costs and expenses related to claims under the ADA as set forth in greater detail below, **MARJORIE FRIEDMAN SCHERR** agrees that the dismissal of this action with prejudice will be without an award of attorneys' fees, costs or expenses. She acknowledges that, by payment pursuant to this settlement agreement, released parties make no representation or agreement or take any action which might constitute acquiescence with respect to any recovery of attorneys' fees under the ADA. **MARJORIE FRIEDMAN SCHERR further acknowledges that Leo A. Daly, Co. disputes any claim by the plaintiff that she is entitled to recover attorney's fees, costs or expenses in her ADA lawsuit (10 CV 7384) for any attorney work performed or costs or expenses incurred in the present lawsuit (08 CV 2098).**

The foregoing shall not be construed as a release and discharge of the action brought by **MARJORIE FRIEDMAN SCHERR** against **MARRIOTT INTERNATIONAL,** et al., for injuries alleged to have resulted from a fall which occurred in the Courtyard by Marriott Kansas City/Overland Park Hotel, in Overland Park, Kansas, on or about the 19th day of March, 2006, and which incident is more particularly described in the lawsuit filed in the Circuit Court of Cook County, and captioned, *Marjorie Friedman Scherr v. Marriott International, Inc.,* Court No. 08 L 62013, which lawsuit was removed to the United States District Court for the Northern District of Illinois and assigned Court No. 08 CV 2098.

The foregoing shall not be construed as a release and discharge of the action brought by **MARJORIE FRIEDMAN SCHERR** predicated upon an alleged violation of the American with Disabilities Act, and which is more particularly described in the lawsuit filed in

the United States District Court for the Northern District of Illinois and captioned *Marjorie Friedman Scherr v. Marriott International, Inc., et al.*, and assigned Court No. 10 CV 7384. In addition, the foregoing shall not be construed as a release of the remedies available to **MARJORIE FRIEDMAN SCHERR** pursuant to that ADA lawsuit, including but not limited to declaratory relief, equitable relief (including injunctive relief), attorneys' fees, costs, or expenses. It is understood that the settlement reached between the parties and dismissal of the pending action as a result of this settlement will not affect or have impact on plaintiff's rights under the ADA. **MARJORIE FRIEDMAN SCHERR** acknowledges that, by payment pursuant to this settlement agreement, released parties make no representation or agreement and take no action which might constitute acquiescence with respect to any recovery of attorneys' fees under the ADA. **MARJORIE FRIEDMAN SCHERR further acknowledges that Leo A. Daly, Co. disputes any claim by the plaintiff that she is entitled to recover attorney's fees, costs or expenses in her ADA lawsuit (10 CV 7384) for any attorney work performed or costs or expenses incurred in the present lawsuit (08 CV 2098).**

To procure payment of the aforementioned sum, I, **MARJORIE FRIEDMAN SCHERR**, do hereby declare that I am competent and of the age of majority, that no representation about the nature and extent of any damages, loss or injury made by any attorney or agent of any party hereby released, nor any representations regarding the nature and extent of the legal liability or financial responsibility of any of the parties hereby released have induced me to make this settlement; that in determining said sum, there has been taken into consideration not only the ascertained damages and losses, but also the fact that consequences not now ascertained may result from said occurrence, casualty or event as herein before referenced.

I, **MARJORIE FRIEDMAN SCHERR**, hereby agree that as a further consideration and inducement for this compromise settlement, that this settlement shall apply to all unknown and unanticipated injuries or damages resulting from said accident, casualty or event, as well as to those now disclosed.

I, **MARJORIE FRIEDMAN SCHERR**, understand that the parties hereby released admit no liability of any sort arising from the incident alleged in the pleadings and that said payment is made in settlement and compromise to terminate further controversy respecting all claims for damages that I have heretofore asserted or that I or my personal representative or administrator might hereafter assert because of the aforesaid incident.

**I, MARJORIE FRIEDMAN SCHERR, and her attorneys, Jeremy L. Friedman, Robert D. Allison & Associates and Julie L. Friedman further agree to hold harmless and indemnify "Releasees," from and against any claims, actions, or lawsuits, including attorneys' fees, brought against them by Medicare or any other lienholder of Marjorie Friedman Scherr, arising from the incident heretofore described.**

I, **MARJORIE FRIEDMAN SCHERR**, and her attorney, Jeremy L. Friedman, further agree that I and my attorney, Jeremy L. Friedman, are responsible for satisfying any and all claims of lien or rights to reimbursement for conditional payments by **Medicare or other lienholders of Marjorie Friedman Scherr** arising out of treatment for injuries alleged to have occurred as a result of the above-referenced fall.

I, **MARJORIE FRIEDMAN SCHERR,** hereby acknowledge receipt of a copy of this Release and Indemnification Agreement before signing same. It is understood that the provisions of this Release and Indemnification Agreement are contractual and are not merely

recitals, and that I have read the foregoing Release and Indemnification Agreement, understood its terms, and sign this Release and Indemnification Agreement as my voluntary act and deed.

I, **MARJORIE FRIEDMAN SCHERR**, hereby acknowledge that an order dismissing the litigation against the Releasees with prejudice has been entered, and that such dismissal was made upon the basis of the settlement agreement reached before Judge Matthew Kennelly. She further acknowledges that, to facilitate timely payment, she and her attorney, Jeremy L. Friedman, agree that the check may be made out to "Marjorie Friedman Scherr."

I, **MARJORIE FRIEDMAN SCHERR**, acknowledge that this Release sets forth the entire understanding of the parties with respect to the subject matter of this Release. Any modification of this Release shall be effective only if in writing and signed by the party to be charged or otherwise adversely affected thereby.

I, **MARJORIE FRIEDMAN SCHERR**, acknowledge that I have been represented by the Law Office of Jeremy L. Friedman, the Law Office of Julie Friedman Ehlrich and the Law Offices of Robert D. Allison & Associates, licensed attorneys, throughout these proceedings, have executed this Release on the advice and based on the consent of her attorneys, and hereby authorize and instruct said attorneys to perform all acts necessary to carry out the intent and purposes of this agreement.

**DATED:** _____

_____
**MARJORIE FRIEDMAN SCHERR**

DATED: _____     _____
**JEREMY L. FRIEDMAN**
Attorney for Marjorie Friedman Scherr

DATED: _____      _____

**JULIE FRIEDMAN EHRLICH**
Attorney for Marjorie Friedman Scherr


DATED: _____      _____

**STEVEN P. SCHNECK**
On Behalf of Robert D. Allison & Associates


DATED: _____      _____

**SCHUYLER ROCHE CRISHAM, P.C.**
Attorneys for Leo A. Daly, Co.


DATED: _____      _____

**LEO A. DALY, CO.**

# EXHIBIT G

# PLAINTIFF'S EMAIL SENT AT 6:16 pm

Print - Close Window

Subject: Response to your email received at 5:41pm
From:  Steve Schneck (spschneckjazzlaw@yahoo.com)
To:    rjohnson@srcattorneys.com;
Cc:    jlfried@comcast.net; jlfehrlich@yahoo.com;
Date:  Wed, 15 Jun 2011 18:16:07

Dear Ryan:
I am writing in response to your email received at 5:41pm.
I agree that the only sticking point seems to be the issue of indemnification. From our perspective, we have bent over backwards trying to accommodate your concerns on this issue in a reasonable manner. As you may recall, on behalf of Robert D. Allison & Associates, I did not get involved in this litigation until mid 2010, mostly to work on ADA issues and, later, to help with the trial and settlement. In addition, the suggestion that Robert D. Allison & Associates might provide any sort of indemnification to Daly was never discussed with us on December 14, 2010 and certainly, not part of the settlement agreement reached on that date with the Court's tireless assistance.  Our firm is made up of people who are cautious by nature. There is no basis to subject Robert D. Allison & Associates to costs that are beyond its control.
Moreover, you have apparently rejected our proposal that the Court retain jurisdiction regarding indemnification, which was included starting with Draft #3 after you admitted in your 2:23pm email that the "whole basis of putting [Robert D. Allison & Associates] on there is because [Robert D. Allison & Associates is] right down the street." By providing that the Court (Judge Kennelly) will retain jurisdiction for purposes of enforcing the indemnification clause if that ever becomes necessary, in order to seek indemnification, all Daly would have to do is file a motion to enforce in this action and Jeremy and Julie would be immediately served by the District Court's electronic filing system. That is even easier than walking down the street to our office and should resolve this issue.
In sum, I suggest that you and your client reconsider your objections on this issue so that we can report to the Court tomorrow morning that this matter has been resolved. If not and we have to appear at a hearing to bring lawyers and witnesses to testify about issues that were clearly not part of the settlement agreement reached on December 14, 2010, we will renew our request that the Court enforce the settlement agreement and enter an Order including additional appropriate relief.

It is now 6:15 pm and I have to leave my office shortly.  I will check my email at home at a reasonable time later tonight and initiate the call to the Court tomorrow morning.

Thank you for your consideration.

Steve Schneck